611 A.2d 693

Denise Marie DICKENS, Appellee,

v.

John Scott HORNER, Upper Chichester Township,
and Officer Thomas Bush.

Appeal of UPPER CHICHESTER TOWNSHIP
and Officer Thomas Bush.

Supreme Court of Pennsylvania.

Argued Dec. 6, 1990.

Reargued Oct. 21, 1991.

Decided June 17, 1992.

128

M. Kelly Tillery, Philadelphia, for appellants.

Thomas S. Myers, Jr., Paoli, for Denise Marie Dickens.

Harold A. Lockwood, Jr., Philadelphia, for John Scott Horner.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS, and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of Upper Chichester Township and Officer Thomas Bush (Appellants) from the Opinion and Order of the Commonwealth Court affirming the order of the Court of Common Pleas of Delaware County which denied the Preliminary Objections of Appellants to a complaint brought against them by Denise Marie Dickens (Appellee).

The complaint alleges that Appellee was seriously injured on April 9, 1986, at 1:24 a.m., when an automobile driven by John Scott Horner (Horner) struck her. Horner was, at the time, fleeing at a high rate of speed from Officer Bush who had initiated a chase to stop Horner who was believed to be driving without a valid driver's license and under the influence of drugs.

There is no dispute that once Officer Bush identified Horner and decided to stop him, Horner sped away from the officer at a high rate of speed, ran a clearly marked stop sign, and collided with Appellee. Appellee brought this action against Horner and Officer Bush and the Township and alleges that while Horner was directly responsible for the accident, nevertheless, the decision of the officer to pursue Horner was a proximate cause of the accident.

Officer Bush and the Township filed preliminary objections to the complaint asserting immunity from suit under the

provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 et seq. (Tort Claims Act). The preliminary objections were denied by the Honorable Anthony R. Semararo of the Court of Common Pleas of Delaware County who then certified this interlocutory order for appeal, under our rules of Appellate Procedure Rules 1311 and 1312, as one involving a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal would materially advance the termination of the matter. The Commonwealth Court granted the appeal and the proceedings in the Delaware County Court of Common Pleas were stayed pending the appeal.

The Commonwealth Court, sitting *en banc,* affirmed the order of the trial court ruling that the allegations of a decision to initiate a pursuit and in failing to exercise due care in a chase could form the basis for a negligence action against a police officer and his employer Township, and that these acts do not fall within the vehicle liability exception to governmental immunity at § 8542(b)(1) of the Tort Claims Act.[1] *Dickens v. Upper Chichester Township et al,* 123 Pa. Commonwealth Ct. 226, 553 A.2d 510 (1989).

We granted Appellants' petition for allowance of appeal to review this conclusion in light of our case law concerning claims brought under the provisions of the Tort Claims Act.

That act provides that liability for negligent acts may be imposed if two conditions are satisfied, and if the injury occurs as a result of one of eight acts described at 42 Pa.C.S. § 8542(b). The two threshold conditions required are that: 1) damages would be recoverable under common law or a statute

---

1. The vehicle liability exception provides:
   (b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
   (1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

creating a cause of action against one not having an immunity defense, and 2) the injury must be caused by the negligent acts of the local agency or its employees acting within the scope of its office or duties, excepting therefrom acts of crime, fraud, malice or willful misconduct.[2]

When considering whether an injury occurs as a result of one of the eight exceptions to the rule of absolute governmental immunity, we have indicated that *all* the exceptions must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability. *Walsh v. City of Philadelphia*, 526 Pa. 227, 585 A.2d 445 (1991); *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988); *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). The acts of others are specifically excluded in the general immunity section and may not be imputed to the local agency or its employees and, in *Mascaro*, we held that the Legislature has clearly precluded the imposition of liability on itself or its local agencies for acts of third parties and that it has not seen fit to waive immunity for these actors or their acts in any of the eight exceptions.

We viewed this conclusion as being consistent with the general rule that the criminal and negligent acts of third parties are superseding causes which absolve the original

---

2. 42 Pa.C.S. § 8542(a) provides:
   § 8542. Exceptions to governmental immunity
   (a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b);
   (1) The damages would be recoverable under common law or statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
   (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

actor from liability for the harm caused by such third parties. This is also consistent with the Legislative determination that the criminal acts, actual fraud, actual malice or willful misconduct of its own agency or employees acting within the scope of their duties are not the subject of suit or liability and that it would be incongruous to interpret the Act in such a way that the municipality would be shielded from liability for the crimes of its agents and employees, yet responsible for the crimes of others. *Mascaro*, 514 Pa. at 363–364, 523 A.2d at 1124.

These are the general principles of law which are applicable to this case, and which require us to reverse the opinion and order of the Commonwealth Court. In essence, Appellee seeks to impose liability on Officer Bush and the Township for an accident which was caused by the criminal acts of Horner.

It is alleged that Horner was driving without a valid license, under the influence of drugs, and that Horner created the chase by not stopping when he was being pursued by a police officer. Instead, Horner sped through residential streets in the early hours of the morning at 60 miles per hour, ignored a clearly marked stop sign, and rammed into Appellee. We can not impose liability for the crimes of Horner on the Township or Officer Bush any more than we could the City or the Youth Study Center in *Mascaro*[3] because the legislative scheme of immunity consistently excludes all criminal acts from liability, including the acts of one of such as Horner, who choses to defy a lawful order to stop his car and commits a series of crimes which terminate in inflicting serious injuries to an innocent bystander like Appellee. Also see, *Chevalier v. City of Philadelphia*, 516 Pa. 316, 532 A.2d 411 (1987).[4] Nor should we

**3.** In *Mascaro*, an action was brought against the City of Philadelphia and its youth detention center for injuries inflicted on a family by one of the detainees of the center who escaped, premised on the alleged negligent maintenance of the center.

**4.** Because of our conclusion, it is unnecessary to analyze whether Appellee stated a cause of action which could be maintained at common law against one having an immunity defense, or whether the injury was caused by the negligent acts of an agency or its employee acting within the scope of his office or duties, a requirement imposed by the statute at 42 Pa.C.S. § 8542(a)(1) and (2), *supra*.

overlook the fact that the control of preventing the accident was solely within the hands of Horner who only had to obey the law and stop when requested by the police.

Accordingly, the Order of the Commonwealth Court is reversed, the Preliminary Objections of Appellants are granted, and the matter is remanded to the Court of Common Pleas of Delaware County so that Appellee may continue her case against Horner.

ZAPPALA, J., concurs in the result.

CAPPY, J., joins the majority opinion and also files a concurring opinion.

CAPPY, Justice, concurring.

I join in the opinion of the majority insofar as it establishes that a municipality and its agents cannot be held liable for the superseding criminal or negligent acts of a third party. I endorse the position that the decision of a police officer, acting within the scope of his duties, to initiate vehicular pursuit of a person suspected of committing a crime, cannot constitute negligence.

However, I write separately to emphasize that, in my view, the decision of the majority does not eliminate liability claims against a municipality or its agents in instances where its own actions, as opposed to those of a third party, are the proximate cause of the injury.