653 A.2d 619

**Mary POWELL, as Administratrix of the Estate of Vincent A. Powell, deceased, Appellant,**

v.

**David DRUMHELLER and Commonwealth of Pennsylvania Department of Transportation and Winner Ford of Newark and Caldron Bros., Inc., Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1994.

Decided Jan. 23, 1995.

486

Germaine Ingram, Philadelphia, for M.E. Powell.

Laurence Kelly, Montrose, for amicus—Pa. Trial Lawyers Assoc.

John P. Capuzzi, Norristown, for PENNDOT.

Philip B. Silverman, Philadelphia, for Winner Ford.

Joseph J. Dougherty, West Chester, for Caldron Bros. Inc.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

MONTEMURO, Justice.

Appellant, Mary Powell as Administratrix of the Estate of Vincent A. Powell, appeals from an order of the Commonwealth Court sustaining the preliminary objections of Appellee, Pennsylvania Department of Transportation (PENNDOT)

and dismissing Powell's amended complaint with regard to PENNDOT.

The sole issue presented for our review is whether the criminally negligent conduct of co-defendant David Drumheller in driving under the influence of alcohol is a superseding cause relieving PENNDOT of liability for negligently designing a Commonwealth highway. We reverse.

This civil action arises from a two vehicle accident which occurred in London Britain Township on the evening of April 27, 1988. The facts as averred in Powell's amended complaint are as follows. At approximately 7:00 p.m., Appellant's decedent, Vincent Powell, was driving westward on London Tract Road. Reproduced Record at 26. Co-defendant David Drumheller was driving his 1986 Nissan truck in an easterly direction on London Tract Road. *Id.* Suddenly, Drumheller steered his vehicle into the oncoming lane in an attempt to pass another automobile and struck Vincent Powell's vehicle. *Id.* Mr. Powell suffered extensive fractures and internal injuries and died one hour after the accident. *Id.* at 27. At the time of the accident, Drumheller was driving with a suspended license. *Id.* at 25. On February 2, 1989, Drumheller plead guilty to vehicular homicide and driving under the influence of alcohol in connection with the accident. *Id.* at 27.

On March 1, 1990, Powell brought this wrongful death and survival action for the vehicular death of her husband, Vincent E. Powell. The action was initiated by complaint filed in the Court of Common Pleas of Chester County and named Drumheller, PENNDOT and several other parties as defendants. PENNDOT filed preliminary objections to Powell's complaint. On April 26, 1990, Powell filed an amended complaint alleging that Drumheller, PENNDOT and the other defendants were jointly and severally liable for her husband's death. Specifically, Powell alleged that PENNDOT had caused the death of her husband by negligently designing London Tract Road. Powell alleged in her amended complaint that the road where the crash occurred had no centerline designating the lanes of travel, no road markings or signs restricting passing, and no

shoulders or lateral clearance areas to provide room for emergency maneuvers.

PENNDOT filed preliminary objections to Powell's amended complaint in the nature of a demurrer. PENNDOT asserted that the criminal and negligent acts of a third party, David Drumheller, prohibited the imposition of liability upon it because the acts alleged did not come within the exceptions to sovereign immunity. The common pleas court sustained PENNDOT's preliminary objections and dismissed it as a party. Powell appealed to the Commonwealth Court which affirmed the court of common pleas.

 Our standard of review for preliminary objections is well settled. We must accept all material facts set forth in the complaint as well as all the inferences reasonably deducible therefrom as true. *Muhammad v. Strassburger*, 526 Pa. 541, 547, 587 A.2d 1346, 1349, *cert. denied*, 502 U.S. 867, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991) (quoting *Vattimo v. Lower Bucks Hosp., Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232–33 (1983)). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Id.* With these principles in mind, we cannot find that the law says with certainty that Drumheller's actions were a superseding cause relieving PENNDOT of all liability in the instant case. We thus hold that the trial court erred in sustaining PENNDOT's preliminary objections and dismissing it from the action.

 In this Commonwealth, a party may bring an action against a Commonwealth agency such as PENNDOT only where the Commonwealth has specifically waived sovereign immunity. *See* 42 Pa.C.S. § 8521 [1]. For the purposes of the instant case, the Commonwealth, by statute, has waived sover-

1. Section 8521 provides in pertinent part:
 (a) **General Rule.**—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity. . . .

eign immunity only "for damages arising out of a negligent act where the damages would be recoverable under the common law" and where that negligence fits within one of nine enumerated exceptions. *See* 42 Pa.C.S. § 8522[2]. Neither party disputes that this action properly fits within the enumerated exception found at subsection (b)(4) relating to Commonwealth real estate and highways.[3] Thus, if this negligence action is one sustainable under the common law for damages, sovereign immunity is properly waived under 42 Pa.C.S. § 8522.

■ Petitioner avers in her complaint that co-defendants Drumheller and PENNDOT are jointly liable for the death of her husband as a result of their negligent acts. We have long held that a defendant is not relieved from liability because another concurring cause is also responsible for producing injury. *See, e.g., Jones v. Montefiore Hospital,* 494 Pa. 410, 416, 431 A.2d 920, 923 (1981); *Hamil v. Bashline,* 481 Pa. 256, 266, 392 A.2d 1280, 1284 (1978). Where a jury could reason-ably believe that a defendant's actions were a substantial factor in bringing about the harm, the fact that there is a concurring cause does not relieve the defendant of liability. *Jones,* 494 Pa. at 416, 431 A.2d at 923. *Hamil,* 481 Pa. at 266, 392 A.2d at 1284. In *Jones,* we held:

2. Section 8522 provides in pertinent part:
 **(a) Liability imposed.**—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limits on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where damages would be recoverable under the common law or a statute creating a cause if action if the injury were caused by a person not having available the defense of sovereign immunity.

3. This section provides in pertinent part:
 (4) *Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency. . . .

Proximate cause is a term of art, and may be established by evidence that a defendant's negligent act or failure to act was a *substantial factor* in bringing about the harm inflicted upon a plaintiff. Pennsylvania law has long recognized that this *substantial factor* need not be ... the only factor....

*Jones,* 494 Pa. at 416, 431 A.2d at 923 (emphasis in the original).

We affirmed these principles of concurrent or joint causation in *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992). In *Crowell,* the plaintiffs brought a wrongful death action against a driver and the City of Philadelphia alleging that these parties were jointly liable for the death of their son in an automobile accident. The defendant driver followed a misplaced directional arrow thereby crossing into the plaintiffs' lane of traffic and colliding with their vehicle. At the time of the accident, the defendant driver was intoxicated and subsequently plead guilty to driving while intoxicated. After trial, the jury found that the City's negligence in incorrectly placing the directional signal was a substantial factor in causing the accident and apportioned the damages 80% to be paid by the driver and 20% to be paid by the City. The Commonwealth Court reversed the jury's award and held that under our governmental immunity statute, 42 Pa.C.S. § 8542, a municipality could never be liable for any injury caused jointly with another tortfeasor. We reversed, affirming the concept of joint liability as applicable to municipalities for actions taken in concert with another tortfeasor. We ultimately held:

"[T]he jury found that the actions of the City's employee were a substantial contributing cause of the action. Thus since the basis of the jury's verdict was the active negligence of the City's employee misplacing the directional sign, and not merely the City's status along the chain of causation, the verdict against the City was proper...."

*Crowell,* 531 Pa. at 413, 613 A.2d at 1184.

We recognize that our decision in *Crowell* reaffirmed the principle of joint liability by concurrent causes in the context

of our governmental immunity statute, but we find these principles equally, if not more so, applicable in this case involving sovereign immunity.[4] Here, Powell alleges that her husband's death was a result of the joint negligence of Drumheller and PENNDOT. Much like the situation in *Crowell,* Ms. Powell avers that the accident was caused by two concurring causes: (1) the negligent driving of Mr. Drumheller under the influence of alcohol and (2) the negligent design and maintenance of the Commonwealth highway which prevented Mr. Powell from taking action to avoid the accident.

The question of concurrent causation is normally one for a jury. *See Vattimo v. Lower Bucks Hosp.,* Inc., 502 Pa. 241, 254, 465 A.2d 1231, 1238 (1983) ("the jury might differ as to whether the hospital's conduct was a substantial cause of the remaining injuries, and thus [ ] the case must go to the jury. . . ."). *See also* 57 Am.Jur.2d *Negligence* § 556 (1989) ("The question of concurrent negligence presents an issue of fact for jury determination when the evidence pertaining to such issue is conflicting or where facts, even though disputed, are such that reasonable men may draw different conclusions from them") Thus, as in *Crowell,* we believe that this case should proceed to a jury to determine whether the alleged negligence of PENNDOT was a substantial factor in causing the accident.

PENNDOT makes much of the fact that Powell averred in her complaint that Drumheller caused the accident. PENNDOT strenuously argues that this averment is a judicial admission that Drumheller caused the accident. *See Dale Manufacturing Co. v. Bressi,* 491 Pa. 493, 498 421 A.2d 653, 655 (1980) (admissions contained in plaintiff's complaint are judicial admissions). PENNDOT further argues that this

4. The issue of joint liability was particularly troublesome in the governmental immunity context because of the language of our governmental immunity statute. That statute, 42 Pa.C.S. § 8541 provides that a local agency shall not be liable for damages on account of injury to a person caused by "any other person." The Commonwealth Court interpreted this language to mean that a municipality could not be jointly liable with any other person. Our sovereign immunity statutes does not include similar language.

judicial admission relieves them of any and all liability. Upon a review of the complaint, we find that Powell is alleging that PENNDOT and Drumheller jointly and concurrently caused her husband's death. We have reviewed the pleadings and find nothing that avers that Drumheller was the exclusive cause of the accident. Thus, the pleadings admit nothing more than the fact that Drumheller's negligence was one of several concurring causes of her husband's death. PENN-DOT also notes that Drumheller was convicted of homicide by vehicle under 75 Pa.C.S. § 3732 which requires that one must violate a law or ordinance in the operation of a motor vehicle which causes the death of another person. However, nothing in this statute, or Drumheller's conviction under it, would logically preclude a finding that PENNDOT's negligence was a concurring cause under general tort principles.

█ Finally, PENNDOT argues that Drumheller's criminal negligence is an intervening cause which supersedes its own negligence and relieves it of liability for Mr. Powell's death.[5] In determining whether an intervening force is a superseding cause, the test is whether the intervening conduct was so extraordinary as not to have been reasonably foreseeable. *Bleman v. Gold,* 431 Pa. 348, 353, 246 A.2d 376, 380 (1968). *See also Eshbach v. W.T. Grant's & Co.,* 481 F.2d 940, 945 (3d Cir.1973) ("negligent intervening act to relieve defendant of liability must be so extraordinary as not to have been reasonably foreseeable"); *Wilson v. American Chain & Cable Co.,* 364 F.2d 558, 561 (3d Cir.1966) (same).

In arguing that Drumheller's criminal negligence is a superseding intervening cause, PENNDOT places much reliance on our decision in *Dickens v. Horner,* 531 Pa. 127, 611 A.2d

---

**5.** One commentator has explained the difference between an intervening cause and a concurrent cause:

"In determining issues of legal or proximate cause, an intervening cause has been said to be material only in so far as it supersedes a prior wrong as the proximate cause of an injury, while the concept of concurring cause is characterized by the fact that two or more of such causes may contribute to, and thus be legal or proximate causes of, an injury for the purposes of imposing liability. 57 Am.Jur.2d *Negligence* § 554.

693 (1992). In *Dickens,* the plaintiff was struck by an automobile whose driver was fleeing at a high rate of speed from a police officer. The police officer had initiated the chase to stop the driver who was believed to be driving without a license and under the influence of drugs. The plaintiff sued the officer and his employer, the local township, alleging that the officer failed to exercise due care in the chase as the basis for a negligence action. We noted the general rule "that the criminal and negligent acts of third parties are superseding causes which absolve the original actor of liability for the harm caused by such third parties." *Id.* at 130–31, 613 A.2d at 695. Accordingly, we held that the driver's criminal negligence, including driving without a license, not stopping when being pursued by a police officer, speeding through residential streets at 60 m.p.h, and ignoring a clearly marked stop sign, was a superseding intervening cause relieving the officer and the township of all liability.

PENNDOT argues that *Dickens* stands for the proposition that an intervening force is a *per se* superseding cause whenever the intervening act is a criminal act. Thus, PENNDOT argues that Drumheller's criminal negligence in driving under the influence automatically relieves it of any liability from the accident. As an initial matter, it should be noted that *Dickens* was concerned with immunity under the particular language of our governmental immunity statute, rather than our sovereign immunity statute. In any event, we do not believe that *Dickens* stands for the proposition that any criminal negligence renders an intervening force a superseding cause. We have previously recognized that criminal conduct does not act as a *per se* superseding force. In *Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977), a landlord allowed his house to become dilapidated and become a haven for rats, dogs and arsonists. When an arsonist set fire to the structure which damaged several adjacent houses, the landlord argued that the arsonists criminal conduct was a superseding cause as a matter of law relieving him of liability. We rejected this argument and held that it was a question for the jury to determine. Far from adopting any *per se* rule, in *Dickens,* we simply held that the

undisputed facts showed that the conduct of the driver was so "extraordinary" as to constitute a superseding cause as a matter of law. *See* 57 Am.Jur.2d *Negligence* § 601 (1989) ("[W]here the facts are uncontroverted and only one inference can be drawn, the question of whether there was a superseding or efficient intervening cause which would prevent the defendant's act from being the proximate cause of the injury is a question of law for the court to determine.") *Cf. Kline v. Moyer,* 325 Pa. 357, 365, 191 A. 43, 47 (1937) *overruled on other grounds Grainy v. Campbell,* 493 Pa. 88, 425 A.2d 379 (1981) ("Unless the facts are undisputed, the question of proximate cause and intervening agency are for the jury.")

In summation, we do not agree that any violation of a criminal statute constitutes a superseding cause. Instead, the proper focus is not on the criminal nature of the negligent act, but instead on whether the act was so extraordinary as not to be reasonably foreseeable. This was our approach in *Crowell.* There, the City of Philadelphia similarly argued that the defendant driver's conviction for driving under the influence was a superseding cause that insulated the City from all liability. We rejected this argument and, instead, found that the driver's actions in following the misplaced sign were entirely "foreseeable." *Crowell,* 531 Pa. at 413 n. 12, 613 A.2d at 1185 n. 12. Therefore, we cannot conclude that as a matter of law that Drumheller's conviction for driving under the influence was a superseding cause.

A determination of whether an act is so extraordinary as to constitute a superseding cause is normally one to be made by the jury. *See Mascaro v. Youth Study Center,* 514 Pa. 351, 358–59, 523 A.2d 1118, 1122 (1987) (quoting *Ford v. Jeffries,* 474 Pa. 588, 596 379 A.2d 111, 115 (1977) ("[I]t was for the jury to determine whether the appellee's conduct, if it was negligent, was superseded by the intervening force.") *See also* 57 Am.Jur.2d *Negligence* § 601 ("When facts are in dispute or room exists for a difference of opinion as to whether certain conduct is superseding or where facts are such that reasonable minds could differ as to whether the

intervening act or cause constituted a superseding act or cause, the question is one for submission to the jury.") It is for the jury in the instant case to determine whether Drumheller's actions in attempting to pass a car while under the influence of alcohol thus crossing into Mr. Powell's lane were so extraordinary as to be unforeseeable to PENNDOT when designing the highway. Accordingly, we cannot say with certainty that no recovery against PENNDOT is possible.

For the reasons stated above, we reverse the order of the trial court sustaining the preliminary objections of the Appellee.

MONTEMURO, J., is sitting by designation.