700 A.2d 417

**Kent JONES, Sr., Individually and as Administrator
of the Estate of Bridgett G. Jones, his wife,
deceased, Appellee,**

v.

**Officer Charles CHIEFFO and Commissioner Willie Williams,
Mayor W. Wilson Goode and City Of Philadelphia Police
Department, Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1996.

Decided Aug. 21, 1997.

Alan C. Ostrow, Philadelphia, for Officer Chieffo, et al.

John M. Dodig, Philadelphia, for Kent Jones, Sr.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION ANNOUNCING JUDGMENT OF THE COURT

NIGRO, Justice.

Kent Jones was injured and his wife was killed when a car being pursued by the police collided with his car. Jones sued the City of Philadelphia, Officer Charles Chieffo, Commissioner Willie Williams and Philadelphia Mayor Wilson Goode (Appellants) to recover wrongful death and survival damages and damages for his own injuries.

The trial court granted Appellants' motion for summary judgment and held that the fleeing driver's criminal acts relieved them of liability as a matter of law. The Commonwealth Court reversed in a 4–3 decision and held that a jury must decide Appellants' liability. We affirm.

On November 12, 1989 at about 2:00 a.m., Officer Chieffo saw three cars in a row disregard a stop sign and then a red light. Officer Chieffo began to follow them. He heard a gunshot and saw the flash of a shot fired from the second car towards the first car. Officer Chieffo activated his dome lights. He tried to activate his siren but it did not work. Officer Chieffo alerted his supervisor of a pursuit and chased the cars for about 13 blocks. He saw the flash of a second shot. Officer Chieffo lost sight of the first car but followed the second and third cars. When the cars ran another red light, the third car collided with Kent Jones' car. Officer Chieffo, with the help of another police officer, chased the third car's driver on foot and apprehended him.

Jones testified at his deposition that as he entered the intersection, he saw a car without headlights and then saw a police car about 15 to 20 feet behind it with flashing lights. Jones estimated that the cars were travelling 70 to 80 miles per hour. Jones applied his brakes but could not avoid the

car. The driver did not try to slow down and struck Jones' car.

A Philadelphia Police Department directive requires that officers report pursuits to a supervisor by radio. Upon receipt of a report, the supervisor evaluates the circumstances, determines if the pursuit should continue, and radios a decision to the pursuing officer. The directive requires that officers in pursuit operate their emergency equipment at all times. Police Captain Thomas Doyle testified at his deposition that Officer Chieffo should not have pursued the car because his car did not have a working siren. He believed that a supervisor should have terminated the pursuit.

█ The parties dispute whether Officer Chieffo terminated the pursuit before the accident. They stipulated for the purpose of summary judgment, however, that if the police car had a working siren, Jones would have heard it and avoided the accident. They also stipulated that the Police Department knew that a number of cars that could be involved in pursuits did not have working sirens. Appellants moved for summary judgment based upon governmental immunity. They claimed that the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541 (1982), precludes holding them liable for the criminal or negligent acts of the fleeing driver.[1]

█ Relying upon our decision in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992), the trial court held that Appellants are not liable for the fleeing driver's acts. The Commonwealth Court, however, found our decisions in *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), and *Powell v. Drumheller*, 539 Pa. 484, 653 A.2d 619 (1995), controlling. The Commonwealth Court held that a jury must decide whether Appellants' negligence was a substantial factor causing Jones' harm and whether the driver's act was a superseding

---

1. Section 8541 provides that no local agency shall be liable for damages for personal injuries caused by "any act of the local agency or an employee thereof or *any other person*" (emphasis added). The Court has construed this section as precluding governmental liability for harm caused by third parties. *Mascaro v. Youth Study Center*, 514 Pa. 351, 362–63, 523 A.2d 1118, 1124 (1987).

cause precluding governmental liability. Having granted Appellants' Petition for Allowance of Appeal, we conclude that the Commonwealth Court properly held that Appellants are not immune from liability.[2]

In *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), a drunk driver followed a sign with an arrow that directed traffic to turn. The arrow was wrongly placed and the driver crossed into another lane of traffic and struck a family's car. The family sued the driver and the municipality for negligence. A jury found them both negligent. Although the municipality claimed on appeal that it was immune from liability under section 8541 of the Political Subdivision Tort Claims Act, this Court disagreed. 531 Pa. at 410–13, 613 A.2d at 1183–85. It explained that a municipality cannot be vicariously liable for a third party's harmful acts under section 8541 of the Act. *Id.* However, a municipality can be liable despite the presence of a third party if it is jointly negligent. *Id.* Thus, the municipality was liable for its own negligent act of misplacing the sign.

Here, Jones alleges in part that Officer Chieffo negligently pursued the car without a working siren and that his supervisor negligently failed to terminate the pursuit. He also contends that the municipality negligently failed to maintain the vehicles. Like in *Crowell*, a jury could find that Appellants are jointly liable with the driver and that their own negligence was a substantial factor causing Jones' injuries.

The conclusion that Appellants are not immune from liability is further supported by *Powell v. Drumheller*, 539 Pa. 484, 653 A.2d 619 (1995). In *Powell*, a decedent's estate sued a drunk driver and the Commonwealth following a car accident. The estate alleged that the Commonwealth negligently de-

2. In reviewing a trial court's grant of summary judgment, an appellate court may disturb the decision if there has been an error of law or a manifest abuse of discretion. *BLaST Intermediate Unit 17 v. CNA Insurance Co.*, 544 Pa. 66, 70, 674 A.2d 687, 689 (1996). Summary judgment is warranted where the pleadings, depositions, discovery responses and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa. R. Civ. P. 1035.

signed the road where the accident occurred. Relying upon *Crowell*, the Court held that the Commonwealth was not immune from liability. 539 Pa. at 492–93, 653 A.2d at 622–23. Because a jury could find that the Commonwealth's actions were a substantial factor causing the harm, the fact that the drunk driver was also a cause, did not relieve the Commonwealth of liability. *Id.* The Court rejected the Commonwealth's argument that the driver's criminal negligence was a superseding cause relieving it of liability as a matter of law. *Id.* at 495, 653 A.2d at 624. It explained that a jury usually should decide whether an act is so extraordinary that it is a superseding cause. *Id.*[3]

Appellants argue that *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992), decided the same day as *Crowell* and relied upon by the trial court below, dictates that Appellants are not liable when a driver's criminal acts cause harm during a police pursuit. In *Dickens*, like in this case, a driver hit another motorist during a police pursuit. The injured motorist sued the police officer and the municipality. The motorist alleged that the municipality, through its employee, negligently decided to initiate the high-speed pursuit, negligently failed to follow accepted police practices for pursuits, and otherwise failed to exercise due care. *See Dickens v. Upper Chichester Township*, 123 Pa. Commw. 226, 553 A.2d 510 (1989)(setting forth the allegations in the complaint).

While the lower court overruled preliminary objections to the *Dickens* complaint, the Court reversed and the case was dismissed, holding that the officer and municipality were immune from suit because section 8541 of the Political Subdivision Tort Claims Act precludes governmental liability for the criminal or negligent acts of a third party. 531 Pa. at 130–31, 611 A.2d at 695. The Court relied upon *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), where section 8541 of the Act was found to be consistent with the general

---

3. *Powell* involved the Sovereign Immunity Act, which does not expressly preclude governmental liability for certain third-party acts like the Political Subdivision Tort Claims Act. The Court stated that the principle of joint liability applies under both Acts. 539 Pa. at 492, 653 A.2d at 622.

rule that certain third-party acts are superseding causes that absolve another actor from liability. *Id.*

Appellants are correct that this case is similar to *Dickens.* We conclude, however, that *Dickens* was wrongly decided and overrule it. We cannot hold as a matter of law that Appellants' alleged negligence was not a substantial factor causing Jones' injuries. A jury must make this determination. Similarly, *Dickens* should have gone beyond the pleadings stage to discover whether there was support for the plaintiff's allegation that the officer negligently failed to follow pursuit procedures. This result is consistent with *Crowell* and *Powell,* which establish that a governmental party is not immune from liability when its negligence, along with a third party's negligence, causes harm.[4]

We therefore affirm the Commonwealth Court's decision reversing the grant of summary judgment for Appellants. Jurisdiction relinquished.

NEWMAN, J., did not participate in the consideration or decision of this case.

CAPPY, J., files a concurring opinion.

CASTILLE, J., files a dissenting opinion in which ZAPPALA, J., joins.

CAPPY, Justice, concurring.

I join in the majority's decision to overrule this court's holding in *Dickens v. Horner,* 531 Pa. 127, 611 A.2d 693 (1992). I write separately to explain the position I took in my concurring opinion in *Dickens.*

In *Dickens,* I agreed with the majority that the municipality was immune from suit; I did not, however, adopt the reasoning of the majority that the negligent and criminal acts of third parties acted as superseding causes. As noted by Mr. Justice Castille in his dissenting opinion in the matter *sub*

---

4. While we hold that Appellants are not immune under 42 Pa. Cons. Stat. § 8541, we have not considered whether Jones' claims satisfy the other requirements of the Political Subdivision Tort Claims Act.

*judice,* I believed that the municipality in *Dickens* was not liable because the decision of a police officer to initiate pursuit of an alleged criminal could not, as a matter of law, constitute negligence. *Dickens,* 531 Pa. at 132, 611 A.2d at 695–96.

I still believe that position is correct. It is, however, not dispositive of the matter before us now. Appellee in this matter asserted that Appellants were negligent in deciding to pursue the felon, in failing to terminate the pursuit, and for the negligent maintenance of the police car. I do not believe that these actions could all be encompassed within the definition of *"initiating"* a pursuit. Clearly, Appellee was also faulting the municipality for the manner in which the pursuit was conducted. Thus, I do not believe that my position as announced in *Dickens* may be used to refute the majority's position in the matter *sub judice.*

Furthermore, I note that my decision to join in the reasoning of the majority does not run counter to the position I espoused in *Dickens.* In *Dickens,* I stated that where the municipality or its agents are the proximate cause of an injury, I believed that the municipality would not be immune from suit; I was unpersuaded that the mere fact that a third party acted in conjunction with the municipality meant that the municipality should therefore be relieved of any liability for those injuries which it had proximately caused. *Dickens,* 531 Pa. at 132, 611 A.2d at 696. Although this position was incompatible with the reasoning of the majority in *Dickens* that the negligent and criminal acts of third parties acted as superseding causes as a matter of law, I find it to be consistent with the reasoning put forward by the majority in the matter *sub judice.*

Therefore, as I find that the position I espoused in *Dickens* is consistent with the one advanced by the court today, I join in the opinion of the majority.

CASTILLE, Justice, dissenting.

The majority here holds that while the appellants cannot be vicariously liable for the negligent acts of a third party, they

are not entitled to summary judgment based on their defense of governmental immunity provided by Section 8541 of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, when appellants' own negligent acts could lead to appellants being found liable as joint tortfeasors. Thus, since appellee alleged that his injuries were caused by appellants' negligent pursuit of a vehicle driven by a third party, appellants' failure to terminate the pursuit, and the negligent maintenance of the vehicle, the majority found that summary judgment should not have been entered in favor of appellants since issues of material fact existed as to whether appellants could be held jointly liable. I respectfully dissent because I believe that a municipality and its agents are immune from liability where a police officer, acting within the scope of his duties, initiates a vehicular pursuit of a person suspected of committing a crime.

Section 8541 of the Political Subdivision Tort Claims Act, which generally insulates a municipal agency and its employees from liability, provides that:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or *any other person.*

42 Pa.C.S. § 8541 (emphasis added). This Court is constrained to narrowly construe this provision and all other provisions of the Political Subdivision Tort Claims Act since the legislature has expressed a clear intent to insulate political subdivisions from tort liability. *Love v. City of Philadelphia*, 518 Pa. 370, 374, 543 A.2d 531, 532 (1988).

As noted by the majority, the factual circumstances surrounding this case are similar to those which were presented to this Court in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992). In *Dickens*, a police officer attempted to stop a vehicle being driven by a third party because the police officer suspected that the person driving the vehicle was driving without a valid driver's license and under the influence of drugs. Instead of stopping for the police officer, the third party vehicle attempted to flee. The police officer then initiated a chase in an attempt to stop the third party vehicle.

During the chase, the third party vehicle failed to heed a stop sign and collided with the Dickens' vehicle.

Dickens subsequently filed a complaint against the driver of the third party vehicle. She also filed a complaint against the police officer and the township for which the police officer worked alleging that while the third party was directly responsible for the accident, the police officer and the township were also liable because the police officer's decision to pursue the third party vehicle was the proximate cause of the accident. The police officer and the township claimed they were immune from such a claim pursuant to the provisions of the Political Subdivision Tort Claims Act.

This Court in *Dickens* agreed that the police officer and the township were immune from such a claim. In doing so, this Court found that Section 8541 specifically excluded the City from liability for the acts of others since those acts could not be imputed to the local agency or its employees. Also, the *Dickens* Court, after looking to this Court's previous decision in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), concluded that the General Assembly, in passing the Political Subdivision Tort Claims Act, clearly intended to preclude "the imposition of liability on ... its local agencies for acts of third parties and that it has not seen fit to waive immunity for these actors ... in any of the eight exceptions." [1] *Dickens,* 531 Pa. at 130, 611 A.2d at 695. Moreover, the *Dickens* Court found that its conclusion was consistent with the general rule that the criminal and negligent acts of a third party act as superseding causes which absolve the original actor from liability for the harm caused by the third party. *Dickens,* 531 Pa. at 130–31, 611 A.2d at 695. Therefore, this Court in *Dickens* found that the police officer and township were immune from liability pursuant to Section 8541 of the Political Subdivision Tort Claims Act because the third party's unlawful act of defying an order to stop his car and commit-

1. The specific eight exceptions to governmental immunity can be found at 42 Pa.C.S. § 8542(b). As noted by the majority in footnote 4 of its opinion, the majority has not examined whether the negligent acts alleged by appellee fall within any of the limited exceptions which waive governmental immunity.

ting a series of crimes in fleeing absolved the governmental body of liability for the resulting serious injuries suffered by an innocent bystander.[2]

The majority here, realizing that *Dickens* controls this case, now determines that *Dickens* was incorrectly decided and chooses to overrule it to the extent that *Dickens* should have gone beyond the pleading stage to discover whether there was support for the injured party's allegation that the police officer negligently failed to follow police procedures. I disagree with the majority's ruling. In *Mascaro, supra,* this Court, citing numerous cases, found that the general rule was that the criminal acts of third parties are superseding causes which will absolve the original actor from liability for injuries caused by a third party. *Mascaro,* 514 Pa. at 363, 523 A.2d at 1124. Moreover, as recognized in *Dickens,* this general rule is:

> [C]onsistent with the Legislative determination that the criminal acts, actual fraud, actual malice or willful misconduct of its own agency or employees acting with the scope of their duties are not the subject of suit or liability and that it would be incongruous to interpret the Act [Political Subdivision Tort Claims Act] in such a way that the municipality would be shielded from liability for the crimes of its agents and employees, yet responsible for the crimes of others.

*Dickens,* 531 Pa. at 131, 611 A.2d at 695, *citing, Mascaro,* 514 Pa. at 363–64, 523 A.2d at 1124.[3]

**2.** Since this Court's decision in *Dickens,* the Commonwealth Court has consistently found that a police officer and a governmental agency are immune from suits arising from similar factual scenarios involving police chases and this Court has consistently declined to exercise review over these cases. *See Foster v. City of Pittsburgh,* 162 Pa. Commw. 553, 639 A.2d 929, *appeal denied,* 538 Pa. 660, 648 A.2d 791 (1994); *White v. Moto Laverda (S.R.L.),* 152 Pa. Commw. 488, 620 A.2d 52, *appeal denied,* 536 Pa. 635, 637 A.2d 295 (1993).

**3.** The majority relies on *Powell v. Drumheller,* 539 Pa. 484, 653 A.2d 619 (1995) and *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992) to support its position that *Dickens* was incorrectly decided. However, *Powell,* in which this author joined, was predicated upon the sovereign immunity statute, 42 Pa.C.S. § 8521, *et seq.,* wherein we expressly recognized that the "any other person" language of the Political Subdivision Tort Claims Act was not included. Also, *Powell* is factually distinguishable since it did not deal with the chase of a third

As Mr. Justice Cappy correctly stated in his concurring opinion in *Dickens:*

> I join in the opinion of the majority insofar as it establishes that a municipality and its agents cannot be held liable for the superseding criminal or negligent acts of a third party. I endorse the position that the decision of a police officer, acting within the scope of his duties, to initiate vehicular pursuit of a person suspected of committing a crime, cannot constitute negligence.

*Dickens,* 531 Pa. at 132, 611 A.2d at 695–96. I believe that Mr. Justice Cappy's concurring opinion is still sound today in that the mere police pursuit of a vehicle suspected of a crime cannot constitute negligence for which a municipality or its agents can be held liable. The majority cites no rationale for overturning this firmly imbedded principle of our jurisprudence.

Applying this rationale to the case *sub judice,* appellee alleges that the police officer was negligent in engaging in a high speed chase and by failing to follow proper police procedures. As in *Dickens,* the driver here who caused the injuries committed criminal acts by not stopping when being pursued by the police, firing a weapon while fleeing the police, speeding through residential streets and ignoring traffic controls. Thus, on the basis of *Dickens,* I would reverse the order of the Commonwealth Court and enter summary judgment in favor of the appellants because the criminally negligent acts of the driver who caused appellee's injury absolve appellants of liability for the injuries. Accordingly, I must dissent.

ZAPPALA, J., joins in this dissenting opinion.

party by the police causing the accident of an innocent bystander. Instead, *Powell* dealt with an intoxicated driver causing the accident and the injured party suing the Pennsylvania Department of Transportation because of allegations of negligent road design and maintenance. Similarly, *Crowell* is factually distinguishable since it did not involve a police chase resulting in an accident. Instead, *Crowell* involved an intoxicated driver who followed a sign posted by the City which conveyed incorrect information; thereby allowing the injured party to sue the City.