## Mitchell v. Remsky

C.P. of Lackawanna County, no. 98-CV-77.

*Daniel W. Munley,* for plaintiff.
*Patricia J. Larson* and *Robert E. Smith,* for defendants.

CORBETT, *J.,* June 17, 1998—Before the court are the preliminary objections of all defendants to the plaintiff's complaint. In reviewing preliminary objections all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom. *Santiago v. Pennsylvania National Mutual Casualty Insurance Co.,* 418 Pa. Super. 178, 184, 613 A.2d 1235, 1238 (1992). Therefore, this court will accept the facts as pled in the plaintiff's complaint as true.

This action is a wrongful death and survival action which arises out of the sale of alcoholic beverages to a person under the age of 21. Plaintiff alleges on March 20, 1997, Thomas Mitchell entered the Convenient Food Market located at 410 North Main Street in Old Forge. At the Convenient, plaintiff's decedent, Thomas Mitchell, purchased four 25 ounce cans of "Fosters" beer from a store employee by the name of Thomas Remsky. Despite the fact that law requires liquor licensees to demand proof of age prior to selling alcoholic beverages, plaintiff alleges defendant Remsky did not see and/or was not shown proof of Thomas Mitchell's age. It is undisputed at the time he purchased the beer at issue that Mr. Mitchell was under the age of 21 years.

After leaving the defendant Convenient's premises, plaintiff's decedent consumed at least a portion of the

beer that was furnished to him by defendant Remsky. Thereafter, plaintiff's decedent entered a 1985 Ford LTD and proceeded to operate that vehicle on South Main Street in the Borough of Taylor at approximately 11:50 p.m. Plaintiff's complaint alleges that defendant Officer Rawlings, while operating a Taylor Police Department vehicle, followed decedent's car and then began a high speed chase down South Main Street. Plaintiff's complaint alleges because of this high speed chase, plaintiff's decedent was caused to be involved in a motor vehicle accident which caused his untimely death.

Both the plaintiff and the defendants have briefed their respective positions, and this court heard arguments on June 2, 1998. This matter is now ripe for decision.

## DISCUSSION

Generally, the standard in a court's determination of preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief. *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992). Moreover, preliminary objections which would result in the dismissal of the cause of action should be sustained only in cases that are clear and free from doubt. *Id.*

In the instant case, all defendants have filed preliminary objections to plaintiff's complaint. This court will address each set in turn.

### I.

First are the preliminary objections of defendants, Thomas Remsky and Alan R. Skoritowski, individually and t/a/d/b/a Convenient Food Mart. Plaintiff has agreed to withdraw all claims for loss of the decedent's society, comfort and companionship. Additionally, plaintiff has

agreed to file an amended complaint for wrongful death which complies with 42 Pa.C.S. §8301(a). The preliminary objection regarding striking the "gross, wanton and/or reckless" language from plaintiff's complaint is denied. The final two preliminary objections concern language in plaintiff's complaint at paragraphs 38(j), 48(j) and 58(j) and plaintiff's request for punitive damages.

The preliminary objection concerning the language of 38(j), 48(j) and 58(j) is granted and the language in those paragraphs is stricken from plaintiff's complaint. The language in those paragraphs is as follows:

"Such other acts of negligent conduct, careless conduct and gross, wanton and reckless conduct as shall be discovered during the course of proper discovery under the applicable Pennsylvania Rules of Procedure."

The aforementioned language represents an improper attempt by the plaintiff to preserve all unpleaded theories of liability against the moving defendants. See *Connor v. Allegheny General Hospital,* 501 Pa. 306, 310-11, 461 A.2d 600, 602 (1983). Since these paragraphs do not provide defendants with a clear, concise statement, these paragraphs are stricken.

The preliminary objection concerning striking the request for punitive damages is denied. Punitive damages may be awarded for conduct that is outrageous because of the defendant's evil motive or his reckless indifference to the rights of others. *Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1088 (1985). In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant. *Id.* The function of punitive damages is to deter and punish egregious behavior. *Id.* Defendants in this case

filed preliminary objections to plaintiff's claims for punitive damages in the nature of a demurrer. "It is well settled law that a preliminary objection in the nature of a demurrer is not to be sustained and the complaint dismissed unless 'the law says with certainty that no recovery is possible.' " *Reinford v. Conrail,* 46 Pa. Commw. 167, 169, 405 A.2d 1151, 1152 (1979). "[I]f there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it." *Id.*

In the case at bar, the plaintiff requests punitive damages because she alleges that plaintiff's decedent was served alcohol when he was under 21 years of age. Plaintiff has also alleged that the employee knew or should have known that plaintiff's decedent was under the age of majority at the time he purchased the alcohol. This court is accepting all well-pleaded facts as true and at this stage of this case, this court feels it is premature to dismiss the claim for punitive damages. If defendant's employee knew Thomas Mitchell was under 21 and still served him alcohol, this conduct is not only intentional, but also shows a reckless indifference. Therefore, this court will allow the claim for punitive damages to continue.

## II.

Next are the preliminary objections of defendants Borough of Taylor Police Department and Officer Rawlings to plaintiff's complaint. These defendants allege that plaintiff's complaint should be dismissed in toto because she is statutorily barred under the express language of the Tort Claims Act. Section 8541 of the Tort Claims Act states:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on

account of an injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

Accordingly, under section 8541, the Borough of Taylor Police Department and Officer Rawlings are immune from liability unless the conditions set out in 42 Pa.C.S. §8542(a) are met: First, the damages sought must be recoverable under common law or a statute creating a cause of action absent the defenses provided in the Tort Claims Act. Second, plaintiff's claims must be based on negligent acts that are within one of the eight exceptions listed in 42 Pa.C.S. §8542(b). The eight exceptions to governmental immunity provided in section 8542(b) are:

(1) vehicle liability;

(2) care, custody or control of personal property;

(3) real property;

(4) trees, traffic controls and street lighting;

(5) utility service facilities;

(6) streets;

(7) sidewalks; and

(8) care, custody or control of animals.

Based on plaintiff's complaint, the only exception that she may fall under is (1) vehicle liability. Under the express language of the "vehicle" exception:

"[T]he local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, *in flight or fleeing apprehension or resisting arrest by a police officer* . . . ." 42 Pa.C.S. §8542(b)(1). (emphasis added)

Plaintiff contends that it is clear from the intention of the Act (b)(1) that liability can be imposed upon a municipal defendant for the negligent operation of

a motor vehicle. She argues the issue then becomes whether or not, according to the case of *Jones v. Chieffo,* 700 A.2d 417 (Pa. 1997), there are genuine issues of material fact for a jury to consider. She argues that the court in *Jones* concluded that a municipality's percentage of negligence is a question to be determined by a jury. *Id.* However, what plaintiff fails to note is that the court in *Jones* held that a governmental party is not immune from liability when its negligence, along with a third party's negligence, causes the harm at issue. Additionally, neither in *Jones* or any other case cited by plaintiff is recovery allowed where injury is to the person fleeing from police. What *Jones* and the cases cited therein involved were injuries to third parties when the police were chasing fleeing vehicles. The fleeing vehicle or police were then involved in accidents with innocent third parties. The case of *Jones* and all the cases cited therein are very distinguishable from the case at bar.

In the case at bar, there is no question Thomas Mitchell was trying to flee from police. Thus, the Borough of Taylor and Officer Rawlings cannot be held liable as suit is barred by the Torts Claims Act, and the plaintiff does not fit in any one of the eight exceptions.

## ORDER

And now June 17, 1998 it is hereby ordered and decreed that the preliminary objections of defendants, Thomas Remsky and Alan R. Skoritowski, individually and t/a/d/b/a Convenient Food Mart, are hereby granted in part and denied in part consistent with this opinion.

It is further ordered that the preliminary objections of the defendants Borough of Taylor Police Department and Officer Rawlings are hereby granted, and plaintiff's complaint is dismissed with prejudice.