## Robinson v. Lower Paxton Township

C.P. of Dauphin County, no. 1322 S 1997.

*Conrad J. Benedetto,* for plaintiff.
*John Flounlacker,* for defendant.

KLEINFELTER, *J.,* November 17, 1999—This matter arises out of a high-speed pursuit by Lower Paxton Township Police Officer Ronald T. Gramigni that occurred during the early hours of March 25, 1995. Officer Gramigni's suspicions were aroused when he observed a car with a broken rear passenger window being driven in an office complex along Crums Mill Road at approximately 1:30 that morning. The officer followed the car out of the parking lot onto Colonial Road. After turning onto Route 22, the vehicle accelerated to a high rate of speed, at which time Officer Gramigni activated his overhead lights and siren to initiate a stop of the car. The vehicle eventually veered onto Walnut Street, and was discovered after it collided with several parked cars.

Plaintiff Ebony Robinson was thrown from the vehicle and injured. Defendant Fred D. Campbell, the driver, was captured a short time later.

Robinson commenced this action against Lower Paxton Township, Campbell and Leslie M. Lawson, owner of the vehicle. The count against Lower Paxton alleges that Officer Gramigni negligently caused the accident.

Presently before us is Lower Paxton's motion for summary judgment. We have received supporting memoranda from both Lower Paxton and Robinson, and heard the oral argument of Lower Paxton, September 23, 1999. Robinson's counsel was delayed by traffic and not present for argument. Her position has been considered as presented in her brief.

The standard for summary judgment is well established in the Commonwealth:

"[S]ummary judgment is properly granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' . . . Summary judgment may be granted only in those cases where the right is clear and free from doubt. . . . The moving party has the burden of proving that there is no genuine issue of material fact. . . . Moreover, the record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party." *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa. Super. 69, 73-74, 658 A.2d 423, 425 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995). (citations omitted)

Lower Paxton is a local agency enjoying the protections of governmental immunity. Such immunity is subject to eight exceptions provided by the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8542. Robinson argues that the "vehicle liability" exception applies to the case at bar:

"(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through the water or in the air." 42 Pa.C.S. §8542(b)(1).

We agree with plaintiff that the exception to immunity set forth in (b)(1) applies in this case. Although the alleged negligence occurred during flight from the police, plaintiff, as a passenger in the vehicle, was not per se "in flight or fleeing apprehension."

There are, however, two threshold conditions before any of the exceptions apply. Those conditions require that:

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a

defense under section 8541 (relating to governmental immunity generally) . . .; and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties . . . ." 42 Pa.C.S. §8542(a).

Notwithstanding their lack of immunity under section 8542, Lower Paxton cites section 8541 as precluding liability. Section 8541 provides that no local agency shall be liable for personal injury resulting from "any act of . . . any other person." Our Supreme Court has construed this language as precluding local agency liability for harm caused by third parties. See *e.g., Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987); *Dickens v. Horner,* 531 Pa. 127, 611 A.2d 693 (1992). In *Dickens,* the court opined that the acts of third parties may not be imputed to a local agency. "We [view] this conclusion as being consistent with the general rule that the criminal and negligent acts of third parties are superseding causes which absolve the original actor from liability for the harm caused by such . . . parties." 531 Pa. at 130-31, 611 A.2d at 695.

Lower Paxton's reliance on *Dickens* must fail, however, since the case was expressly overruled in *Jones v. Chieffo,* 549 Pa. 46, 700 A.2d 417 (1997). In *Jones,* an action was brought against the City of Philadelphia and others to recover for the death of a driver and for injuries sustained by a passenger who were struck by an automobile being pursued by police.

"We cannot hold as a matter of law that appellants' alleged negligence was not a substantial factor causing Jones' injuries. A jury must make this determination. . . . This result is consistent with *Crowell* and *Powell,* which establish[ed] that a governmental party is not immune from liability when its negligence, along with a third party's

negligence, causes harm." *Id.,* 549 Pa. at 52, 700 A.2d at 420. (footnote omitted)

*Jones* instructs us that a municipality is not per se immune from liability under section 8541 of the Act. Here, Lower Paxton could be liable if found by a jury to be a joint tort-feasor. The jury would be required to find that Lower Paxton's alleged negligence was a substantial factor—if not the sole factor—in bringing about the harm here claimed by Robinson.

Accordingly, we enter the following:

### ORDER

And now, November 17, 1999, upon consideration of defendant Lower Paxton Township's motion for summary judgment, defendant's motion is hereby denied.