82 A.3d 430

Celeste SELLERS and Richard K. Sellers, Individually and as Administrators of the Estate of Joshua David Sellers, Deceased, Petitioners

v.

TOWNSHIP OF ABINGTON and Officer Edward Howley, Individually and as an Employee of Township of Abington and Lt. Karl Knott, Individually and as an Employee of Township of Abington, Respondents.

Supreme Court of Pennsylvania.

Dec. 20, 2013.

## ORDER

PER CURIAM.

**AND NOW,** this 20th day of December, 2013, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to the remaining issue. The issues, as stated by Petitioner, are:

a. Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous granting of summary judgment on the basis that police officers do not owe a duty of care to innocent bystanders in a fleeing vehicle which is in direct conflict with this Court's decision in *Jones v. Chieffo,* 549 Pa. 46, 700 A.2d 417 (1997) and the Commonwealth Court's decision in *Aiken v. Borough of Blawnox,* 747 A.2d 1282 (Pa. Cmwlth.2000)?

b. Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous resolution of questions of fact whether the passenger in the fleeing vehicle was an innocent bystander to whom a duty of care was owed?

c.  Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous granting of summary judgment on the basis that police officers do not owe a duty of care to innocent bystanders in a fleeing vehicle which is in direct conflict with *Black v. Shrewsbury Borough*, 675 A.2d 381 (Pa.Cmwlth.1996)?

d.  Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous extension to innocent bystander passengers of the limited immunity of 42 Pa.C.S.A. § 8542(b)(1) which only applies to fleeing suspects and which is a matter of first impression unauthorized by existing law?

e.  Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous blanket application of 42 Pa.C.S.A. § 8542 without first requiring a jury determination whether plaintiff's decedent, an innocent passenger, was aiding or abetting the fleeing driver?

f.  Whether the Pennsylvania Commonwealth Court should have reversed the trial court's granting of summary judgment where the trial court improperly decided as a matter of law that no duty was owed without first requiring a jury determination of the disputed questions of fact whether the officer knew or should have known of the existence of innocent passengers in the vehicle and therefore whether the police pursuit was negligently initiated and maintained?

g.  Whether the Commonwealth Court should have reversed the trial court's creation of a new rule of law which eliminates a police officer's duty of care to the public, including passengers in a fleeing vehicle, regardless of the police officer's intent, motive, or circumstances surrounding the police pursuit in violation of public policy which is an absurd and unreasonable result threatening the lives of the public, including all innocent bystanders/passengers?