**[J-31-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | |
|---|---|
| CELESTE SELLERS AND RICHARD K. SELLERS, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF JOSHUA DAVID SELLERS, DECEASED, | : No. 97 MAP 2013<br>:<br>: Appeal from the order of the<br>: Commonwealth Court at No. 531 CD 2011<br>: dated June 5, 2013 Affirming the order from |
| Appellants | : the Montgomery County Court of Common<br>: Pleas, Civil Division, at No. 2007-14335<br>: dated November 30, 2010. |
| v. | :<br>: ARGUED:  May 7, 2014<br>: |
| TOWNSHIP OF ABINGTON AND OFFICER EDWARD HOWLEY, INDIVIDUALLY AND AS AN EMPLOYEE OF TOWNSHIP OF ABINGTON AND LT. KARL KNOTT, INDIVIDUALLY AND AS AN EMPLOYEE OF TOWNSHIP OF ABINGTON, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Appellees | : |

**OPINION**

MR. JUSTICE STEVENS                    DECIDED:   December 29, 2014

This is an appeal from a Commonwealth Court Opinion which affirmed the trial court's entry of summary judgment and dismissal of Appellants' wrongful death and survival action.   The central issue presented is whether a local agency owes a common law or statutory duty of care to a passenger of a fleeing vehicle, whose existence or relationship to the fleeing driver is unknown to the pursuing police officer.   We affirm.

## I. Background

On the evening of December 23, 2006, Scott Simons (Simons), Matthew Senger (Senger) and Joshua Sellers (decedent) met at the home of a mutual friend on Jenkintown Road in Abington Township. Simons had been drinking all day prior to this engagement, but testified that he did not drink at the Jenkintown Road residence. Senger, however, testified that all three men drank beer while at the Jenkintown Road residence.[1]

In the early morning hours of December 24, 2006, Senger and decedent asked Simons for a ride home, and it was agreed that Simons would drive Senger home and decedent would spend the night at Simons' residence. Senger rode in the front passenger seat, while decedent sat in the back rear passenger seat. None of the men fastened their seatbelts. Simons testified that he was, in fact, drunk when he left the party, and admitted that this was not the first time he had driven his friends home drunk.

According to Simons, while driving west on Jenkintown Road at between 40 and 45 mph in a 30 mph zone, he noticed a police car pass him travelling east. Simons testified that the police car made a U-turn and began following Simons with its lights and siren activated. Simons admitted that instead of pulling over, he fled, as he was "scared of getting a DUI." Deposition of Scott Simons, 9/10/2009 at 18. Senger testified that when Simons initially "floored his car," he was not aware that police were pursuing the car. Deposition of Matthew Senger, 12/4/2009 at 28. Senger estimated that Simons was driving "well over 100" miles per hour. Id. at 34. Simons then arrived at Senger's home, and as goodbyes were exchanged, Senger noticed reflections of police lights in the windows of nearby homes. Before Senger could exit the vehicle, Simons again floored it and shut off his headlights. Senger testified that both he and decedent then

---

[1] All testimony contained herein was taken by deposition.

asked Simons to slow down, as they were aware of a dip in the road ahead. Simons, however, continued at a high rate of speed and ultimately hit the dip in the road. The car was sent airborne and crashed into trees and a parked pickup truck. Simons and Senger suffered minor injuries, while decedent was ejected from the vehicle and thrown 20 feet therefrom, suffering a catastrophic brain injury, along with other injuries.

Officer Edward Howley of the Abington Township Police Department testified that on the night in question he was travelling westbound on Jenkintown Road, when he heard the sound of a loud exhaust, and saw the taillights of a vehicle far in the distance proceeding in the same direction as his patrol car. Officer Howley testified that he attempted to gain ground on the vehicle, and when he himself accelerated to over the posted speed limit of 30 mph, he activated his lights and siren, at which time the in-car camera system automatically began to record.[2]

The in-car camera recording corroborated Officer Howley's account and established that at approximately 3:49 a.m., Officer Howley first observed a vehicle in the distance, travelling westbound, in the same direction as the officer. Approximately thirty seconds later, Officer Howley activated his overhead lights and siren. The vehicle is then seen turning onto Garfield Avenue, as Officer Howley radioed in that he was pursuing a red Mustang travelling northbound on Garfield.[3] This is the last time the Mustang is seen on the video. Officer Howley made the turn onto Garfield and reported that the car had been traveling at a high rate of speed, and he suspected the driver was driving under the influence. Lt. Karl Knott, Officer Howley's supervising officer, ordered Officer Howley to stay with the Mustang. At approximately 3:50 a.m., Officer Howley

---

[2] The in-car camera system automatically activates when the lights and siren are turned on, and the previous thirty to forty-five seconds of footage is saved on the recording.
[3] Officer Howley testified that he did not know the car was a Mustang until he saw the vehicle make the turn onto Garfield.

radioed that he had lost the car. At approximately 3:51 a.m., Officer Howley received a radio call indicating that the Mustang had crashed into a house on Meyer Avenue. Officer Howley arrived at the scene shortly thereafter and immediately radioed for EMS to respond to the scene. The video established that seventy-four seconds passed between the moment Officer Howley activated his lights until he deactivated the lights. Simons' car, however, was only visible on the recording for sixteen seconds.

Celeste and Richard Sellers, parents of decedent (Appellants) filed a wrongful death and survival action against the Township of Abington, Officer Edward Howley, and Lieutenant Karl Knott (Appellees) asserting claims for negligence and punitive damages. Appellants alleged that Appellees caused the death of decedent when Officer Howley negligently, recklessly, and willfully initiated and failed to terminate a high speed pursuit of Simons' vehicle. After the completion of discovery, Appellees moved for summary judgment based upon governmental immunity, citing to the Political Division Tort Claims Act (Tort Claims Act), 42 Pa.C.S. § 8541, which states "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any person." 42 Pa.C.S. § 8541.

The trial court granted Appellees' motion, reasoning they enjoyed Section 8541 governmental immunity. The trial court found that Appellees did not fall under any of the enumerated exceptions to immunity set forth in 42 Pa.C.S. § 8542, in which a local agency may still be liable for injuries caused by a local agency or its employees.[4] The

---

[4] 42 Pa.C.S. § 8542 states, in relevant part:

§ 8542. Exceptions to governmental immunity.

(a) *Liability imposed.* --A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this
(continued…)

trial court emphasized that 42 Pa.C.S. § 8542 specifically states that governmental liability may not attach for official negligence occurring while plaintiff was in flight or fleeing apprehension or resisting arrest by police. Additionally, the court concluded, that Officer Howley acted reasonably throughout the entire pursuit.

Appellants appealed the trial court's determination to the Commonwealth Court, which affirmed the trial court's order in a published opinion. The *en banc* Commonwealth Court panel concluded that, while police owe a duty to innocent third parties, see Jones v. Chieffo, 700 A.2d 417 (Pa. 1997), such a duty does not extend to "unknown passengers"[5] of a fleeing vehicle. Sellers v. Twp. of Abington, 67 A.3d 863,

(…continued)

    subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

    (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

    (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

    (b) *Acts which may impose liability.* --The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

    (1) *Vehicle liability.* --The operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer.

42 Pa.C.S. § 8542(a)(b)(1).

[5] The term "unknown passengers" will be used throughout this Opinion to describe passengers whose presence in the vehicle or connection to the driver is unknown to the pursuing officer.

871 (Pa. Cmwlth. 2013). In reaching this conclusion, the Commonwealth Court applied the factors informing the duty analysis set forth in Althaus ex rel. v. Cohen, 756 A.2d 1166 (Pa. 2000), which this Court applied in Lindstrom v. City of Corry, 763 A.2d 394 (Pa. 2000) to conclude that police officers do not owe a duty of care to fleeing suspects. These factors include:

> (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

Lindstrom, supra at 397, citing Althaus, supra at 1169. In analyzing these factors, this Court stated in Lindstrom:

> As to the first factor, regarding the relationship between the parties, a law enforcement officer is a protector of all members of the public. The officer's relationship to the fleeing suspect must be viewed in light of the broader relationship to the safety of the community he or she serves. Any duty of protection the officer has is lessened as soon as the driver flees rather than complying with a request to stop. The second factor weighs against imposing a duty, as the social utility of a police officer's attempt to apprehend a person suspected of violating the law is beyond dispute. Turning to the third factor, it is evident that there is a risk of injury to the fleeing driver, and it is foreseeable that drivers who refuse to pull over when alerted to do so may be injured in their attempt to elude an officer. Fourth, the consequences of imposing a duty upon officers are burdensome, as that may prevent the apprehension of dangerous criminals and further encourage flight. Finally, the public has a preeminent interest in ensuring that roadways remain safe from dangerous drivers and criminals and that police officers are empowered to enforce the law.

Id.

The Commonwealth Court applied these factors to the instant case and found that they weighed against imposing a duty of care to unknown passengers in a fleeing vehicle. Accordingly, the Commonwealth Court held that because Appellees owed no duty to

decedent, negligence could not attach, and summary judgment was appropriate as a matter of law.[6]

Judge Leavitt authored an extensive dissenting opinion, expressing concern that the majority's holding improperly extended existing common law and the rationale of Lindstrom. Sellers v. Township of Abington, 67 A.3d 863, 872 (Pa. Cmwlth. 2013) (Leavitt, J., dissenting). Moreover, Judge Leavitt reasoned that summary judgment was not appropriate even when applying the majority's standard, as the standard requires factual findings as to the officer's awareness of the passengers. Id. at 880.

Appellants filed a Petition for Allowance of Appeal with this Court, which was limitedly granted on December 20, 2013. We accepted the following issues, as framed by Appellants, for review:

> a) Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous granting of summary judgment on the basis that police officers do not owe a duty of care to innocent bystanders in a fleeing vehicle which is in direct conflict with this Court's decision in Jones v. Chieffo, [700 A.2d 417 (Pa. 1997)] and the Commonwealth Court's decision in Aiken v. Borough of Blawnox, 747 A.2d 1282 (Pa. Cmwlth. 2000)?
>
> b) Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous resolution of questions of fact whether the passenger in a fleeing vehicle was an innocent bystander to whom a duty of care was owed?
>
> c) Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous granting of summary judgment on the basis that police officers do not owe a duty of care to innocent bystanders in a fleeing vehicle which is in direct conflict with Black v. Shrewsburgy Borough, 675 A.2d 381 (Pa. Cmwlth. 1996)?

---

[6] The Commonwealth Court briefly noted that the trial court may have "improperly conducted fact-finding" with respect to the reasonableness of Officer Howley's conduct based on the in-car camera footage. Sellers, supra at 872, n.11. The court set forth, however, its prerogative to affirm on any ground. Id., citing Concord Township Appeal, 268 A.2d 765, 766 (1970).

d) Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous extension to innocent bystander passengers of the limited immunity of 42 Pa.C.S. § 8542(b)(1) which only applies to fleeing suspects and which is a matter of first impression unauthorized by existing law?

e) Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous blanket application of 42 Pa.C.S. § 8542 without first requiring a jury determination whether plaintiff's decedent, an innocent passenger, was aiding or abetting the fleeing driver?

f) Whether the Pennsylvania Commonwealth Court should have reversed the trial court's granting of summary judgment where the trial court improperly decided as a matter of law that no duty was owed without first requiring a jury determination of the disputed questions of fact whether the officer knew or should have known of the existence of innocent passengers in the vehicle and therefore whether the police pursuit was negligently initiated and maintained?

g) Whether the Commonwealth Court should have reversed the trial court's creation of a new rule of law which eliminates a police officer's duty of care to the public, including passengers in a fleeing vehicle, regardless of the police officer's intent, motive, or circumstances surrounding the police pursuit in violation of public policy which is an absurd and unreasonable result threatening the lives of the public, including all innocent bystanders/passengers?

Sellers v. Twp. of Abington & Howley, 82 A.3d 430 (Pa. 2013).

In reviewing a grant of summary judgment, an appellate court may disturb the decision only if there has been an error of law or a manifest abuse of discretion. Jones, supra at 419, n.2. Summary judgment is appropriate "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010). The question of whether there are genuine issues of material fact presents a question of law, and therefore, our standard of review on that question is *de novo*. Id.

**II. Arguments**

Appellants present a multi-faceted attack against the Commonwealth Court's decision and urge this Court to find that Appellees owed a duty of care to decedent. Appellants first contend that Section 3105(e) of the Vehicle Code, commonly referred to as the "emergency vehicle doctrine," imposes upon officers a duty "to drive with due regard for the safety of all persons," and that the Commonwealth Court erred by creating a question of duty. 75 Pa.C.S. § 3105(e).

Appellants next maintain that the Commonwealth Court's holding that officers do not owe a duty of care to unknown passengers in a fleeing car is in direct conflict with this Court's holding in Jones v. Chieffo, 700 A.2d 417 (Pa. 1997) and the Commonwealth Court's holding in Aiken v. Borough of Blawnox, 747 A.2d 1282 (Pa. Cmwlth. 2000). Appellants argue that the holdings in Jones and Aiken "show the preference of Pennsylvania courts to protect the rights and safety of innocent bystanders by allowing them to maintain an action against a municipality and its officers for negligent… high speed pursuits…" Appellants' Brief at 26.

In Jones, an innocent third party was injured when a car fleeing from police collided with the car of the third party. This Court found that when an innocent third party is injured as a result of a police pursuit, "a governmental party is not immune from liability when its negligence, along with a [fleeing driver's] negligence, causes harm." Jones, supra at 420. This Court further determined that the question of whether defendant police officers were jointly liable with the driver and whether their negligence was a substantial factor in causing the third party's injuries, should be left to a jury. Id.

Similarly, in Aiken, the Commonwealth Court held that an innocent bystander, injured when his car was struck by a car fleeing from police, could maintain an action against the government alleging that officers were negligent in maintaining a high-speed pursuit. Aiken, supra at 1285. The Commonwealth Court further held in Aiken that "a

jury must decide whether Appellees' alleged negligence was a substantial factor causing Appellant's harm and whether the fleeing suspect's actions were a superseding cause." Id.

Appellants next contend that the Commonwealth Court's holding eliminated two genuine issues of material fact from jury determination. First, Appellants suggest that the holding provides an incentive for police officers who engage in negligent and/or reckless high-speed chases to lie and claim ignorance of the existence of passengers in a vehicle, and therefore eliminate any culpability. Second, Appellants argue that the new rule eliminates the prerequisite to a police officer's immunity from liability in a high-speed chase established in 42 Pa.C.S. § 8542(b)(1), that the passenger is aiding and abetting the flight from police. Appellants contend that the record is devoid of any factual findings that would suggest decedent was aiding or abetting flight, and at the very least, this question should have been decided by a jury.

Appellants further allege that the Commonwealth Court disregarded its own ruling in Black v. Shrewsbury Borough, 675 A.2d 381 (Pa. Cmwlth. 1996), where the Commonwealth Court found that a police officer owed a duty of care to passengers in a vehicle involved in a police pursuit. In Black, officers began a pursuit of a vehicle driven by Joseph Black, with probable cause to believe that Black had committed multiple violations of the Vehicle Code. The police report in Black indicated that the officers knew the identity of the driver and knew that there were passengers in the vehicle. The Commonwealth Court ultimately decided that it was within the province of the jury to decide if Black's conduct was a superseding cause of the passenger's injuries. Black v. Shrewsbury Borough, 675 A.2d 381, 385 (Pa. Cmwlth. 1996).

Appellants next contend that the Commonwealth Court erroneously relied on Ferguson v. Commonwealth, 2009 U.S. Dist. LEXIS 20099 (W.D. Pa., Mar. 13, 2009),

which Appellants argue is factually distinguishable from the case *sub judice*. The Commonwealth Court cited with approval to Ferguson in which it was determined that officers did not owe a duty to the passenger of a fleeing vehicle who was injured as the result of a police pursuit. Appellants assert that officers in Ferguson believed that both the driver and the passenger were engaged in criminal activity, whereas instantly there is no evidence to suggest that decedent was in any way involved in any criminal activity.

Appellants argue that expanding the statutory framework of the Tort Claims Act to include innocent passengers in Section 8542(b)(1) is inappropriate, as Pennsylvania's legislature and courts have only created two classes of individuals who could be injured as a result of a police chase: innocent bystanders and fleeing suspects and their accomplices. Appellants argue that by making a finding of aiding and abetting a prerequisite to granting immunity to defendants as a matter of law, the legislature has made clear the intention that innocent passengers are to be protected. Moreover, Appellants cite to Judge Leavitt's dissent for the contention that under the Commonwealth Court's holding, officers have no duty to innocent bystanders such as kidnap victims present in fleeing vehicles. Appellants further contend that the Commonwealth Court's holding "allows police officers to engage in reckless and dangerous police pursuits throughout the entirety of Pennsylvania…" Appellants' Brief at 53.

Finally, Appellants advocate adopting the approach of the Michigan Supreme Court in Robinson v. City of Detroit, 613 N.W.2d 307 (Mich. 2000), which Judge Leavitt cited to with approval in her dissenting opinion. Robinson placed the burden of proof on the plaintiff to establish that the passenger of the fleeing vehicle was an innocent passenger who was owed a duty by the pursuing police. Appellants ask that this Court

hold that a police officer involved in a police pursuit should always assume that there are at least two persons in the fleeing vehicle, one of whom is not aiding and abetting.

Conversely, Appellees argue that the Commonwealth Court properly held that Appellees owed no common law duty of care to decedent, and therefore contend that the Commonwealth Court's opinion should stand. First, Appellees outline the applicable policies of the Tort Claims Act, which provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. Appellees acknowledge 42 Pa.C.S. § 8542 provides, in part, that an injured party may recover in tort from a local agency if:

> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection.

42 Pa.C.S. § 8542(a). Appellees explain that this Court has instructed that "[t]hese exceptions must be construed strictly because of the clear legislative intent to insulate government from exposure to tort liability." Lindstrom, supra at 397.

Appellees next argue that Appellants' contention that "a prerequisite to a police officer's immunity from liability in a high-speed chase is a determination that the passenger is aiding and abetting the flight from police," is a misapprehension of the Tort Claims Act. Appellees' Brief at 28, quoting Appellants' Brief at 28. Appellees contend that the vehicle liability exception may not even be invoked until a plaintiff establishes that damages would be recoverable under common law. See Lindstrom, supra at 397 ("Initially, we must determine if Appellees can meet the threshold requirement of 42

Pa.C.S. § 8542(a)(1), namely, whether Appellants owed [decedent] a common law duty"). Appellees argue that because Appellants did not meet the duty requirement, the vehicle liability exception of the Torts Claim Act is not applicable.

Appellees further contend that Appellants' claim that a jury must determine whether a police pursuit was negligent demonstrates a misunderstanding of basic negligence law. Appellees maintain that where, as here, there is no duty of care, there can be no negligence as a matter of law. T.A. v. Allen (Appeal of Allen), 669 A.2d 360, 362 (Pa. Super. 1995).

Appellees further maintain that the Commonwealth Court's reasoning that to impose a duty of care to unknown passengers in a fleeing vehicle would be unworkable in the field of law enforcement, is consistent with this Court's rationale in Lindstrom, where this Court found that officers do not owe a duty of care to fleeing drivers. Appellees argue that Appellants largely ignored Lindstrom in their brief to this Court.

Appellees next argue that the Commonwealth Court properly found that Jones and Aiken are inapposite to the instant case. Appellees explain that while the injured parties in each case were permitted to maintain an action against the government alleging negligent high-speed pursuits, the plaintiffs of each case were occupants of vehicles which were not involved in the pursuit. Appellees contend that decedent should not be considered an innocent bystander, as he willingly accepted a ride home from an intoxicated driver.

Appellees further argue that Appellants' reliance on Black is misplaced, as Black involved an appeal from a trial court order sustaining preliminary objections and dismissing plaintiff's complaint without discovery, while the instant case involves an

appeal from a summary judgment ruling on a developed record, with extensive discovery. Additionally, Appellees contend that the Commonwealth Court did not decide the issue of whether officers owe a duty to passengers of a fleeing vehicle, but rather the court only addressed the issue of whether the conduct of the fleeing driver was the unforeseeable and superseding cause of the accident.[7]

Finally, Appellees contend that Appellants' claim that "material issues in dispute should have been placed in the hands of the jury" is misguided. Appellants argue that evidence is "conflicting" as to whether police knew that there were passengers in the vehicle, as Simons claims that Officer Howley passed the vehicle on the opposite side of the road before pursuing the vehicle. Appellees argue, however, that Simons' testimony is blatantly contradicted by the in-car camera footage, which shows Officer Howley travelling in the same direction as Simons at all relevant times. Appellees argue that Scott v. Harris, 550 U.S. 372, 380 (2007) stands for the proposition that "witness accounts seeking to contradict an unambiguous video recording do not create a triable issue of fact." Appellees' Brief at 41.

**III. Analysis**

---

[7] In the reply brief, Appellants maintain that this argument is erroneous, as the Black court need not decide whether a duty is owed to passengers in a fleeing vehicle, as that duty had already been codified in 75 Pa.C.S. § 3105(e), and reinforced in Jones.

We granted allocatur on seven issues as framed by Appellants. These issues are inter-related and will be treated as such infra. Local agencies of this Commonwealth are immunized from liability "for damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. There are, however, exceptions to this statutory grant of immunity. 42 Pa.C.S. § 8542 states, in relevant part:

(a) *Liability imposed.* --A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
   (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
   (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.
(b) *Acts which may impose liability.* --The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
   (1) *Vehicle liability.* --The operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer. As used in this paragraph, "motor vehicle" means any vehicle which is self- propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

42 Pa.C.S. § 8542(a)(b)(1).

We must first determine, therefore, whether Appellants have met the threshold requirement of 42 Pa.C.S. § 8542(a)(1), specifically, whether Appellees owe a common law or statutory duty of care to passengers in a fleeing vehicle whose existence, or whose connection to the driver, is unknown to the officer at the time of the pursuit. The

assessment of whether a duty of care is owed to a particular individual or class of individuals is a matter for the courts to decide, not juries. Seebold v. Prison Health Servs., 57 A.3d 1232, 1247 (Pa. 2012).

Appellants contend that Section 3105(e) of the Vehicle Code establishes an actionable statutory duty on the part of the pursuing officer that satisfies the threshold requirement of 42 Pa.C.S. § 8542(a)(1). This contention is misguided. Section 3105(e) of the Vehicle Code states, in relevant part, "This section does not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons." 75 Pa.C.S. § 3105(e). Mindful that when construing a statute, we presume the legislature "intends to favor the public interest as against any private interest," we find that Section 3105(e) of the Vehicle Code does not create a statutory duty to unknown passengers in a vehicle. 1 Pa.C.S. § 1922(5). Section 3105(e) does not create a separate statutory duty on emergency vehicle drivers, but rather recognizes that emergency vehicle drivers still owe a common law duty to the public at large, i.e. innocent bystanders.[8]

Having determined that Section 3105(e) does not create a statutory duty to unknown passengers in a fleeing vehicle, we must now determine whether such a common law duty exists. This Court has explained that "[t]he legal concept of duty of care is necessarily rooted in often amorphous public policy considerations, which may include our perception of history, morals, justice and society." Althaus, supra at 1169. In Althaus, this Court established the following five factors which must be weighed to determine if a duty of care exists:

---

[8] Appellants have completely disregarded Commonwealth Court precedents which have found, in accordance with Lindstrom, that Section 3105(e) "does not create a duty not otherwise existing; rather it recognizes the residual duty of drivers of emergency vehicles." Frazier v. Commonwealth, 845 A.2d 253, 260 (Pa. Cmwlth. 2004).

(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

Althaus, supra at 1169. We will now utilize these factors to determine if police owe a duty of care to unknown passengers in a fleeing vehicle.

First, as we indicated in Lindstrom, "a law enforcement officer is a protector of all members of the public." Lindstrom, supra at 397. We must, therefore, view the first factor, the relationship between the officers and passengers in a fleeing vehicle, in the broader context of the relationship the officer has to the community he or she serves. Id. An officer's relationship to the community he or she serves hinges on the officer's ability to keep the members of the community safe from criminals, including dangerous drivers. Accordingly, where, as here, the officer was unaware of the presence of a passenger in a fleeing vehicle, this first factor weighs against imposing a duty.

As we found in Lindstrom, the second factor weighs against imposing a duty, as "the social utility of a police officer's attempt to apprehend a person suspected of violating the law is beyond dispute." Id. This social utility is not curtailed by the addition of an unknown passenger in a fleeing vehicle.

As to the third factor, we acknowledge that we found in Lindstrom that it is foreseeable that a fleeing driver may be injured in his attempt to elude an officer. Id. Instantly, because injury to an unknown passenger is not foreseeable, we find that the nature of the risk imposed and the foreseeability of the harm incurred to an unknown passenger weighs against imposing a duty on pursuing officers.

The fourth factor weighs heavily against imposing a duty on officers. Imposing a duty on officers to unknown passengers in a fleeing vehicle would present an unworkable burden on officers, essentially halting police pursuits. The decision to pursue a fleeing vehicle is one that must be made in a matter of seconds. To require officers to not only

establish the presence of passengers, but also discover the relationship of the passengers to the fleeing driver, would be unmanageable in the necessarily fast-paced environment of law enforcement. Moreover, officers, fearing the risk of civil liability, would be less likely to initiate pursuit, which would likely encourage criminals to flee.

Finally, as we found in Lindstrom, "the public has a preeminent interest in ensuring that roadways remain safe from dangerous drivers and criminals and that police officers are empowered to enforce the law." Id. These factors, when weighed against one another, militate heavily against imposing a duty on officers to unknown passengers in a fleeing vehicle. Appellants fail to meet the threshold requirement of the Tort Claims Act, and therefore, we need not determine whether this claim falls within the vehicle liability exception found in 42 Pa.C.S. § 8542(b)(1). See, Lindstrom, supra at 398.

As this case was decided on summary judgment, there have not been factual determinations made by a judge or jury. As discussed supra, Appellants' version of events of the night in question differ greatly from Officer Howley's version. Appellants claim that Officer Howley was driving in the opposite direction as Simons, and therefore Officer Howley likely saw decedent and Senger in the vehicle. The in-car camera recording, however, blatantly contradicts this assertion, revealing that Officer Howley was driving behind Simons, travelling in the same direction, when he initiated the pursuit, and therefore summary judgment was appropriate.[9] See, Scott v. Harris, supra at 380 (where the United States Supreme Court found that when video evidence blatantly contradicts the opposing party's version of events, a court should not adopt the opposing party's version of facts for purposes of ruling on a summary judgment).

For the aforementioned reasons, we affirm the order of the Commonwealth Court.

---

[9] There have been no allegations that the in-car camera recording was altered.

Former Justice McCaffery did not participate in the decision of this case.

Mr. Chief Justice Castille and Messrs. Justice Eakin and Baer join the opinion.

Mr. Justice Saylor files a concurring opinion.

Madame Justice Todd files a concurring opinion.