J-A22026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROL SCHNEIDER AND ERIK SCHNEIDER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 458 EDA 2017 |
| GIANT FOOD STORES, LLC, AND GIANT FOOD STORE #6043 | : | |

Appeal from the Order Entered January 9, 2017
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C0048CV2015-1548

BEFORE:   BOWES, J., LAZARUS, J., and PLATT*, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 14, 2018**

Carol and Erik Schneider appeal from the January 9, 2017 order granting summary judgment in favor of Giant Food Stores, LLC, and Giant Food Store #6043 (collectively "Giant").  We affirm.

At approximately 4:45 p.m. on July 30, 2013, Carol Schneider entered the Giant Food Store located at 1880 Leithsville Road in Hellertown, Northampton County.  After selecting the items she intended to purchase, she proceeded to the checkout area at the front of the store.  As she approached a self-checkout register, her right leg slipped out from under her and her left knee touched the floor.  After she righted herself, she noticed that her pant leg was wet.

_____

* Retired Senior Judge assigned to the Superior Court.

Mrs. Schneider approached the self-checkout attendant, later identified as Melissa Regalis. She notified Ms. Regalis that she had fallen and pointed to the area where she fell. Ms. Regalis assured her that she would clean up the area. Mrs. Schneider paid for her groceries, and, as she exited the store, she stopped at the customer service desk and informed the service representative that she had slipped and fallen.

The Schneiders filed the instant complaint against Giant on February 18, 2015. They alleged that the puddle of liquid that caused Mrs. Schneider to slip was near a refrigerated display case located within the self-checkout area visible from the platform where the attendant was located. They averred further that Giant created the dangerous condition and/or that Giant knew or should have known of it with reasonable inspection. Giant was negligent as it failed to inspect and discover the hazard and either warn or correct it, although it had ample time to do so. Mrs. Schneider pled that she sustained injuries to her left knee, aggravation of pre-existing tendinitis and arthritis in that knee, and back and neck pain due to the fall. Her husband made a claim for loss of consortium. Giant filed an answer denying that any puddle of liquid or dangerous condition existed or that it was negligent.

Following discovery, Giant filed a motion for summary judgment. It alleged that since the Schneiders had adduced no evidence regarding the origin of the puddle of clear liquid or how long it was present on the floor prior to the incident, it had failed to prove that Giant had actual or

- 2 -

constructive notice of the condition. The Schneiders countered that notice of the condition could reasonably be inferred from several facts elicited during Mrs. Schneider's deposition. First, Mrs. Schneider testified that Ms. Regalis looked directly to the spot where she fell without having been told, and the attendant assured her that it would be cleaned up. Second, according to Mrs. Schneider, the liquid was visible from the spot where Ms. Regalis was standing, and her pant leg was wet after the fall. Finally, the Schneiders maintained that it could be inferred from the fact that a soda case located near the area of her fall was subsequently relocated that it was the cause of the puddle.

The trial court granted summary judgment based on a lack of evidence of actual or constructive notice. The Schneiders timely appealed, complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court issued its Rule 1925(a) opinion. The Schneiders raise three issues for our review:

> A. Did the trial court commit an error of law or an abuse of discretion by granting summary judgment as Defendant had destroyed or withheld relevant evidence necessitating that the matter be submitted to a jury?
>
> B. Did the trial court commit an error of law or an abuse of discretion by granting summary judgment in favor of Defendant as the Court relied exclusively on oral testimony?
>
> C. Did the trial court committed [sic] an error of law and abuse of discretion by granting summary judgment in favor of Defendant?

Appellants' brief at 4 (unnecessary capitalization omitted).

All of the Schneiders' issues challenge the trial court's grant of summary judgment and the dismissal of their claims. The following principles inform our review. "[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." ***Truax v. Roulhac***, 126 A.3d 991, 996 (Pa.Super. 2015) (quoting ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010). In ruling on such a motion, "the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party" and "resolve all doubts as to the existence of a genuine issue of material fact against the moving party." ***Id***. "Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." ***Babb v. Ctr. Cmty. Hosp.***, 47 A.3d 1214, 1223 (Pa.Super. 2012) (citations omitted). "[F]ailure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id***.

On appeal, this Court

may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals.

*Truax*, *supra* at 996 (quoting *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007)). "To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record." *Id*. at 903.

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Id.*, (quoting *Reeser v. NGK N. Am., Inc*., 14 A.3d 896, 898 (Pa.Super. 2011)) (citations omitted).

This is a premises liability case. It is undisputed that Mrs. Schneider was a customer of Giant at the time of the fall, and that business visitors are invitees and entitled to the highest duty of care. "The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." *Emge v. Hogosky*, 712 A.2d 315, 317 (Pa.Super. 1998) (citation omitted).

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if but only if, he:
>
> (a) knows or by the exercise or reasonable care would discover the condition, and should realize that it involves an unreasonable risk to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

      (c)    fails to exercise reasonable care to protect them against the danger.

*Campisi v. Acme Mkts*., 915 A.2d 117, 119 (Pa.Super. 2006); *see also* Restatement (Second) of Torts § 343.

Thus, in order to recover in a slip and fall case in a store, a plaintiff bears the burden of proving that the owner knew, or with the exercise of reasonable care, should have known, of the existence of the harmful condition. Where the storeowner created the harmful condition, he is deemed to have actual or constructive notice of the condition. *Zito v. Merit Outlet Stores*, 647 A.2d 573, 574-75 (Pa.Super. 1994). Where the non-moving party bears the burden of proof of a contested fact, but fails to produce sufficient evidence, summary judgment is properly granted. Pa.R.A.P. 1035.3(d); *Ertel v. The Patriot News*, 674 A.2d 1038, 1042 (Pa. 1996). The trial court granted summary judgment after finding that the Schneiders failed to introduce sufficient evidence that Giant created the hazard or had actual or constructive notice of the condition.

The Schneiders allege first that summary judgment should not have been entered because Giant withheld or destroyed relevant video evidence of the incident recorded on surveillance equipment located in the front of the store. Specifically, they complain that although Giant retained and provided video from one camera angle commencing at 4:40 p.m. and the other camera angle from 4:55 p.m., both of which show the fall, Giant's failure to preserve the entire video constituted spoliation of the evidence and that

sanctions are appropriate.[1]  The sanction they propose is that summary judgment be reversed and the matter remanded.

"'Spoliation of evidence' is the non-preservation or significant alteration of evidence for pending or future litigation." **PTSI, Inc. v. Haley**, 71 A.3d 304, 315 (Pa.Super. 2013) (quoting **Pyeritz v. Commonwealth of Pennsylvania**, 32 A.3d 687, 692 (Pa. 2011)).  Where it is determined that a party has proceeded to alter or dispose of relevant evidence, trial courts have the discretion to impose sanctions against the spoliator.  **PTSI, Inc.**, **supra** at 315.  In determining what sanction is appropriate, the court weighs factors such as the degree of fault of the spoliator, the prejudice to the opposing party, and whether there are lesser sanctions that will serve as a deterrent to the spoliator's conduct while avoiding substantial unfairness to the opposing party.  **Id**. at 316.

However, we do not reach the spoliation question as the Schneiders did not file a motion to compel or seek sanctions for spoliation in the trial court.  Thus, they failed to preserve this issue for purposes of this appeal.[2]

---

[1]  The video captured from one camera angle depicted the checkout area for the fifteen minutes preceding Mrs. Schneider's fall.

[2]  One of the sanctions authorized for spoliation includes a jury instruction permitting the jury to draw a negative inference that evidence not produced would have been unfavorable to the party who failed to produce it. However, since spoliation was not raised in the trial court as either a motion or a defense to summary judgment, the trial court did not decide whether spoliation occurred.

*See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Furthermore, even if we were to treat the Schneiders' spoliation claim as an argument in opposition to summary judgment, it is waived pursuant to Pa.R.C.P. 1035.3. In *Lineberger v. Wyeth*, 894 A.2d 141, 147 (Pa.Super. 2006), we held that to the extent that prior case law allowed presentation of new arguments in opposition to summary judgment, "it stands in derogation of Rules 1035.2 and 1035.3." The non-moving party must raise all defenses or grounds for relief before the trial court as we are an error-correcting court and may not reverse where the trial court was not given an opportunity to consider the argument. On either basis, the claim is waived.

The Schneiders' second issue fares no better. They allege that the trial court erred in making credibility determinations based solely on oral testimony in the form of depositions. In addition, the Schneiders complain that the trial court disregarded the inferences favorable to them that could be drawn from the surveillance video.

Preliminarily, we note that the factual predicate for the Schneiders' argument is not supported by the record. The trial court did not consider only oral testimony; it also viewed the surveillance video depicting the incident. Furthermore, the Schneiders, the non-moving party, proffered Ms. Regalis's deposition testimony and urged the court to find her testimony that she could not recall the incident to be incredible. Moreover, the prohibition

against relying solely upon oral testimony in deciding a motion for summary judgment is generally referred to as the **Nanty-Glo** rule. **See Nanty-Glo v. American Surety Co.**, 163 A. 523 (Pa. 1932). The rule only precludes summary judgment "where the **moving** party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact except where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness." **Lineberger**, **supra** at 149 (quoting **First Philson Bank, N.A. v. Hartford Fire Ins. Co.**, 727 A.2d 584, 587 (Pa.Super. 1999)) (emphasis added). That did not occur herein.

Moreover, we find the video surveillance tape, which depicted the following, to be most instructive. In the moments preceding the fall, Ms. Regalis, the attendant charged with supervising the self-checkout area inspecting that area for spills and hazards,[3] was shown surveilling the area and using a towel to wipe up spills on the equipment and floors. Mrs. Schneider approached the checkout with groceries in her arms, her right foot slipped, and her left knee went down and hit the floor. Mrs. Schneider quickly righted herself, and walked over to Ms. Regalis. As she was talking

---

[3] The store manager testified about the clean sweep program. A Giant employee would travel hourly through the store looking for spills and hazards, and scan in his whereabouts. It did not include the checkout area as the self-checkout attendant was responsible for inspecting and cleaning that area.

to Ms. Regalis, Mrs. Schneider simultaneously pointed with her right hand and turned her head in the direction of the spill. Only, then, after being prompted, did Ms. Regalis look beyond her to the area of the spill.

The Schneiders contend that the trial court should have inferred Ms. Regalis' prior knowledge of the spill from the fact that she looked in its direction prior to being told of its location. Giant counters that the video shows that Mrs. Schneider looked and pointed out the area where the spill occurred to Ms. Regalis before Ms. Regalis looked in that direction. Giant directs our attention to **Sellers v. Twp. of Abington**, 106 A.3d 679, 690 (Pa. 2014), where the plaintiffs' version of the events was contradicted by in-car camera footage from a police vehicle. The trial court granted summary judgment in the defendant's favor based on the video, and the plaintiffs accused the trial court of intruding into the jury's fact-finding realm. Our Supreme Court disagreed. It embraced the rationale of the United States Supreme Court in **Scott v. Harris**, 550 U.S. 372, 380 (2007), that where video evidence contradicts the non-moving party's version of events, the court should not adopt that party's version of facts for purposes of ruling on a summary judgment. The **Sellers** Court concluded that, "witness accounts seeking to contradict an unambiguous video recording do not create a triable issue of fact." **Sellers**, **supra** at 380.

Herein, the video, which did not include audio, did not flatly contradict Mrs. Schneider's testimony, but added additional information. While we

assume that for purposes of summary judgment that Mrs. Schneider did not **tell** Ms. Regalis where the spill was located, the video confirms that she pointed to the area and turned her head and looked in the direction of the spill. Only then did Ms. Regalis follow her indication and look towards the area of the spill. Thus, the video evidence undercuts the basis for drawing any inference of prior knowledge or notice.

Mrs. Schneider presented no evidence as to how long the clear liquid was present on the floor before she fell. We agree with the trial court that, "a jury could at most speculate concerning when the spill took place or how long the liquid was on the floor." Trial Court Opinion, 1/8/17, at 15. The Schneiders offered no direct evidence that the hazard was created by Giant employees or equipment from which notice could be imputed to Giant. Evidence that a soda case located near the area of Mrs. Schneider's fall subsequently was relocated, without more, would not support any reasonable inference that it was the origin of the clear liquid puddle. In sum, there was no evidence from which the factfinder could reasonably conclude that Giant knew or should have known of the dangerous condition with the exercise of reasonable care.

Since the evidence failed to demonstrate any genuine issue of material fact that would preclude the entry of summary judgment based on the lack of knowledge or notice, we affirm the trial court's grant of summary judgment.

Order affirmed.

Judge Platt joins the memorandum.

Judge Lazarus files a concurring dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/18