IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kalavathi Shunmugam,
           Appellant

        v.

City of Bethlehem and
Redevelopment Authority of      :  No. 1510 C.D. 2024
the City of Bethlehem         :  Submitted: February 3, 2026


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE STELLA M. TSAI, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE TSAI                 FILED: March 23, 2026

Appellant Kalavathi Shunmugam (Plaintiff) appeals, *pro se*, from the order of the Court of Common Pleas of Northampton County (trial court), granting the motion for summary judgment filed by Appellees City of Bethlehem and Redevelopment Authority of the City of Bethlehem (Redevelopment Authority) (collectively, Defendants). We affirm.

## I. BACKGROUND

Plaintiff is the record owner of property located at 401-403 East Fourth Street and 405 East Fourth Street in Bethlehem, Northampton County, Pennsylvania (Property). On June 16, 2021, the Redevelopment Authority initiated an eminent domain action against the Property by filing with the trial court a Declaration of Taking pursuant to Section 302 of the Eminent Domain Code, 26 Pa. C.S § 302.[1]

---

[1] The eminent domain action was the subject of our opinion and order in *In Re: Taking in Eminent Domain of Certain Parcel of Real Estate Located at 401-403 East Fourth Street and 405*

The Redevelopment Authority proceeded under Section 205 of the Eminent Domain Code, 26 Pa. C.S. § 205, relating to blight. On September 28, 2021, following failed settlement negotiations, the Redevelopment Authority filed a Petition to Pay Estimated Compensation (Petition) and Writ of Possession (Writ). In response, Plaintiff filed a Motion to Strike. The trial court conducted a hearing, after which it denied the Motion to Strike and granted both the Petition and the Writ. On appeal, this Court affirmed the trial court's order. *In Re: 401-403 E. Fourth St. & 405 E. Fourth St.* The Pennsylvania Supreme Court denied Plaintiff's petition for allowance of appeal on March 28, 2023. *See In Re: Taking in Eminent Domain of Certain Parcel of Real Estate Located at 401-403 E. Fourth St. & 405 E. Fourth St.*, 295 A.3d 237 (Pa. 2023). The Supreme Court of the United States denied Plaintiff's petition for a writ of *certiorari* on October 2, 2023. *See Shunmugam v. Redevelopment Auth. of the City of Bethlehem, Pa.*, ___ U.S. ___, 144 S.Ct. 120 (2023).

On June 6, 2023, Plaintiff filed a complaint against Defendants, alleging racial discrimination and fraud in the eminent domain action and seeking to recover $3,500,000. Trial Ct. Op., 10/11/24, at 2. The trial court characterized Plaintiff's claim as being raised under 42 U.S.C. § 1983 (Section 1983) and the Fourteenth Amendment to the United States Constitution.[2] *Id.* at 8, n.5. After the pleadings closed, the parties engaged in discovery, but discovery disputes arose. Ultimately, Defendants moved for summary judgment, based on *res judicata* and collateral

---

*East Fourth Street* (Pa. Cmwlth., No. 1313 C.D. 2021, filed Oct. 20, 2022) (*In Re: 401-403 E. Fourth St. & 405 E. Fourth St.*), 2022 WL 11425742.

[2] The Fourteenth Amendment provides, in part, that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

estoppel, in part, relying on our Supreme Court's decision in *Balent v. City of Wilkes-Barre*, 669 A.2d 309 (Pa. 1995).[3] The trial court granted summary judgment in an opinion and order entered on October 11, 2024,[4] and it is Plaintiff's appeal from that order which is the subject of the appeal now before this Court. In granting summary judgment, the trial court, citing *Balent*, concluded that Plaintiff's claim was barred by *res judicata* and collateral estoppel.[5]

## II. Issues Presented

On appeal,[6] Plaintiff raises a myriad of issues, including whether the trial court erred in concluding that Plaintiff's claim was barred by the doctrines of *res judicata*

---

[3] Defendants also moved for summary judgment based on Plaintiff's failure to produce relevant evidence in violation of the trial court's order, the absence of evidence to support Plaintiff's claims, and the statute of limitations having lapsed on Plaintiff's claim. Trial Court Op., 10/11/24, at 11-12.

[4] The trial court's order is dated October 10, 2024, but was served on the parties on October 11, 2024. *See* Pa.R.A.P. 108(b) (providing that the date of entry of an order in any matter subject to the Pennsylvania Rules of Civil Procedure is the date on which the clerk gave written notice of the order to the parties as required by Pa.R.Civ.P. 236(b)).

[5] The trial court also concluded that Defendants are entitled to summary judgment, such that Plaintiff's claims should be dismissed, because (1) Plaintiff failed to comply with discovery rules and an order of the trial court, (2) the record is devoid of evidence to support Plaintiff's claim, and (3) the claim is barred by the statute of limitations.

[6] This Court has explained:

We review [the Court of] Common Pleas' order for an error of law or abuse of discretion. Summary judgment should be granted "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[] *Sellers v. Twp. of Abington*, 106 A.3d 679, 684 (Pa. 2014). Whether genuine issues of material fact exist is a question of law, "and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals." *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007) (citations omitted). We must review the record, including "all pleadings, as well as any depositions, answers to interrogatories, admissions, affidavits, and expert reports, in a light most favorable to the non-moving party, and we resolve

or collateral estoppel.[7]  As this issue is dispositive, we address it first and do not address the remaining issues.

### III. Discussion

### A. *Res Judicata* and Collateral Estoppel

Plaintiff argues that *res judicata* and/or collateral estoppel do not apply to this matter because the issues she raises here were not discussed or decided in the previous eminent domain action.  Plaintiff's Brief at 29-30.  Further, Plaintiff contends that she did not have a full and fair opportunity to litigate the previous action because the trial court did not conduct a hearing in the matter.  *Id.* at 30-31.

---

all doubts as to the existence of a genuine issue of material fact against the moving party." *Moon v. Dauphin Cnty.*, 129 A.3d 16, 19 (Pa. Cmwlth. 2015).

*Brown-Boyd v. Southeastern. Pa. Transp. Auth.*, 320 A.3d 872, 875-76 (Pa. Cmwlth. 2024) (footnote and some citations omitted).

[7] Plaintiff raises the following issues for review:

1. Does the complaint on eminent domain case is fraudulent due to pure "Racism" and "Discrimination"[?]

2. Does [Plaintiff] violated court order and failed to provide complete responses and evidence and not comply with the discovery deadlines?

3. Does [Plaintiff's] complaints are part of Eminent Domain case and including her case held trial to discussed and decided?

4. Does this complaint has genuine issue of material facts and [Plaintiff] maintained the property in good standing eliminating any dangerous situation?

5. Does [Plaintiff's] claims are barred by the affirmative defenses of *re*[*s*] *judicata* and collateral estoppel[?]

6. Does the Defendants follow Blighted Rule, Eminent Domain Law and [Fifth] Amendment in the Eminent Domain proceedings and cleared all property liens?

7. Does [Plaintiff's] complaint is barred by the statute of limitation[s] under the 14th Amendment [and 42 U.S.C.] Section 1983[?]

8. Does [Plaintiff] had a "full and fair opportunity" to litigate the issue in the prior action[?]

Plaintiff's Brief at 4-5 (some formatting altered).

Plaintiff also claims that the facts of this case are distinguishable from *Balent*, because the property owners in *Balent* were given multiple reminders to repair their building, whereas Plaintiff asserts that she did not receive any notices of code violations. *Id.* at 31-32. Plaintiff additionally argues that her Fifth Amendment rights were violated in the previous eminent domain matter. *Id.* at 34-36. Plaintiff concludes that the instant matter is different from the previous eminent domain action because eminent domain involves the taking of property for public use whereas the instant matter is a suit for money damages because "the eminent domain case had multiple violations." *Id.* at 37.

Defendants respond that the trial court correctly held that *res judicata* and collateral estoppel barred Plaintiff's instant action. Defendants' Brief at 14-15. Specifically, Defendants argue that Plaintiff had a full and fair opportunity to litigate the previous eminent domain action because she was represented by counsel in her previous action and the Commonwealth Court affirmed her appeal of that action, having concluded that there was no showing of bad faith and that the taking was valid. *Id.* at 15. Defendants agree with the trial court's conclusion that "[Plaintiff's] present Fourteenth Amendment and [Section] 1983 claim stems from the same cause of action as the eminent domain proceeding because she alleges that the City of Bethlehem discriminated against her when it took her property.'" *Id.* at 14 (quoting Trial Ct. Op., 10/11/24, at 18).

"*Res judicata*–literally, a thing adjudicated–is a judicially[ ]created doctrine. It bars actions on a claim, or any part of a claim, which was the subject of a prior action[] or could have been raised in that action." *In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 378 (Pa. 2021) (citations omitted). Our Supreme Court has explained:

> Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies

on the same cause of action. *Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

*Balent*, 669 A.2d at 313 (citations omitted). To establish *res judicata*, or claim preclusion, a party must establish four factors: "(1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *City of Phila. v. Nelson*, 320 A.3d 774, 780 (Pa. Cmwlth.) (emphasis and citation omitted), *appeal denied*, 330 A.3d 1254 (Pa. 2024). Once it is established that "*res judicata* applies, 'any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.'" *Id.* (emphasis omitted) (quoting *Balent*, 662 A.2d at 313).

"Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." *Balent*, 669 A.2d at 313. This Court has explained:

> To invoke collateral estoppel, five elements must be present: (1) the issue decided in the prior case must be identical to the issue in the present case; (2) there was a final judgment on the merits; (3) the issue must be essential to the judgment; (4) the party against whom the estoppel is asserted must have had a full and fair chance to litigate on the merits; and (5) the party against whom the estoppel is asserted must be a party or in privity with a party in the prior case.

*Brandywine Vill. Assocs., LP v. E. Brandywine Twp.*, 320 A.3d 827, 839 (Pa. Cmwlth. 2024), *appeal denied*, 336 A.3d 248 (Pa. 2025).

In *Balent*, the City of Wilkes-Barre, after determining the building posed an immediate danger, demolished a building damaged by fire that had been vacant and unrepaired for almost two years. *See Balent*, 669 A.2d at 312. The property owners commenced an eminent domain action against the city, "alleging that the demolition

6

of their building was a *de facto* taking." *Id.* The trial court found in favor of the city, concluding that the "demolition of the building was not a compensable *de facto* taking, but rather a noncompensable exercise of the police power under" a city ordinance. *Id.*

Subsequently, the property owners commenced an action against the city under Section 1983, in which they alleged that the city's demolition of the building "deprived [the property owners] of a right, privilege[,] and immunity secured by the Fifth and Fourteenth Amendments of the United States Constitution." *Id.* at 312-13. On appeal, the city argued that the property owners' claim was "barred under the doctrines of *res judicata* and collateral estoppel, as the [c]ity's liability for the razing of the [property o]wners' property was previously litigated in an eminent domain action." *Id.* at 311. Our Supreme Court agreed that the doctrine of *res judicata* applied because the claims the property owners raised in the eminent domain action and the Section 1983 action were "derived from the same cause of action— compensation for the destruction of the [property o]wners' building—[such that] separate actions would require that the parties rehash the facts and legal arguments presented in [their prior action]*, exactly the type of situation that the doctrine of *res judicata* is designed to avoid."[8] *Id.* at 315. The *Balent* Court further observed that

---

[8] As to Section 1983, the Supreme Court explained that a "Section 1983 action does not create any substantive rights[] but merely serves as a vehicle or 'device' by which a citizen is able to challenge conduct by state official whom he claims has deprived or will deprive him of his civil rights. *Balent*, 669 A.2d at 314 (citations and quotation marks omitted) (cleaned up). It further explained:

> Thus, in order to maintain a cause of action under [S]ection 1983, a plaintiff must establish that he has been deprived of some cognizable federal right by someone acting under color of state law. If a claim or issue related to that federal right has been determined in a prior adjudication, the established rules of *res judicata* and collateral estoppel apply.

*Id.* (citations omitted).

"while the first action technically can be classified as an *in rem* proceeding and the second [as] an *in personam* proceeding, this distinction is merely a technical one. Both actions involve compensation for the same property and the same exercise of power by the [c]ity." *Id.*

> In the matter now before this Court, the trial court explained:

> Here, the facts closely mirror the facts in *Balent*. The City of Bethlehem initiated an eminent domain proceeding to take the property from [Plaintiff] due to code violations on her property. This court ordered a writ of possession to the City of Bethlehem and granted the request for just compensation. The Commonwealth Court of Pennsylvania affirmed this Court's order. *See . . .* [*In Re: 401-403 E. Fourth St. & 405 E. Fourth St.* (Pa. Cmwlth., No. 1313 C.D. 2021, filed Oct. 22, 2022).]. [Plaintiff] then filed the instant claim. [Plaintiff's] present Fourteenth Amendment and [Section] 1983 claim stems from the same cause of action as the eminent domain proceeding because she alleges that the City of Bethlehem discriminated against her when it took her property. Therefore, [Plaintiff's] claim is barred by *res judicata*. *See Balent*, 669 A.2d at 314.

Trial Ct. Op., 10/11/24, at 17-18 (some citations omitted).

Based on our review of the record, we agree with the trial court's legal conclusion that Plaintiff's claim is barred by the doctrine of *res judicata*. Specifically, the identity of the thing sued upon is identical because the previous eminent domain action resulted in the taking of Plaintiff's real property and the instant action relates to the alleged violation of Plaintiff's constitutional rights during the eminent domain action. As our Supreme Court explained in *Balent*, an *in rem* eminent domain action and a Section 1983 *in personam* action related to the deprivation of rights for the same real property are the same for the purposes of *res judicata*. *See Balent*, 669 A.2d at 312; *see also Nelson*, 320 A.3d at 781; *Robinson v. Fye*, 192 A.3d at 1232. Further, the parties involved are the same. *See Nelson*, 320 A.3d at 780. Plaintiff's claims that Defendants violated her constitutional rights

8

regarding her real property could have been raised in the previous eminent domain action, and, therefore, the doctrine of *res judicata* bars her instant claims.[9]  *See Coatesville Area Sch. Dist.*, 244 A.3d at 378; *Balent*, 669 A.2d at 313.

### IV. CONCLUSION

For the reasons set forth above, we affirm the trial court's order granting Defendants' motion for summary judgment.

_____
STELLA M. TSAI, Judge

---

[9] To the extent that Plaintiff's complaint could be interpreted as invoking a claim under the Due Process Clause and/or the Takings Clause of the Fifth Amendment, *see* U.S. Const. amend. V (stating that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation"), for the reasons stated above, we conclude that any such claim would be also barred by the doctrine of *res judicata*.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kalavathi Shunmugam,      :
         Appellant      :
       v.      :
     :
City of Bethlehem and      :
Redevelopment Authority of      :    No. 1510 C.D. 2024
the City of Bethlehem      :

## **O R D E R**

AND NOW, this 23rd day of March, 2026, the order of the Court of Common Pleas of Northampton County, entered on October 11, 2024, is hereby AFFIRMED.

_____
STELLA M. TSAI, Judge