J-S01036-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| QUINZELL REDDICK, | : | |
| | : | |
| Appellant | : | No. 2195 EDA 2019 |

Appeal from the PCRA Order Entered February 8, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009191-2011

BEFORE:   BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 06, 2020**

Quinzell Reddick (Appellant) appeals *nunc pro tunc* from the order entered on February 8, 2019, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was charged with, *inter alia*, first-degree murder for the shooting death of Correal Combs (the decedent), as well as attempted murder in connection with shooting Erica Rosa, both of which occurred on January 12, 2011.[1] On December 11, 2012, a jury was selected to hear this

_____

[1] According to the Commonwealth, the decedent was driving a car, Rosa was in the passenger seat, and Appellant was seated in the rear.  "Moments before the shooting, the decedent stopped the car and both men stepped outside the car in order to have a drug related conversation.  It was then that [Appellant] pulled out a gun and shot [the decedent] multiple times, and then raised his gun and shot [] Rosa and she pled for mercy." Commonwealth's Motion to Obtain DNA Samples for Comparison Purposes, 9/13/2012, at ¶ 4; *see also*, N.T., 12/12/2012, at 68-69.

[*] Retired Senior Judge assigned to the Superior Court.

case. The next day, Appellant entered into a negotiated guilty plea and pleaded guilty to third-degree murder, attempted murder, carrying a firearm without a license, and possession of an instrument of crime. In exchange, the Commonwealth agreed to drop the first-degree murder charge and recommend a sentence of 25 to 50 years of incarceration. The trial court conducted a thorough colloquy of Appellant and accepted the plea. Appellant then asked for sentencing to be deferred for family reasons related to issues with being in county custody. N.T., 12/12/2012, at 75. The trial court agreed to this request, and explained to Appellant that his chances of withdrawing the plea at the time of sentencing were extremely limited. *Id*. at 76. The trial court heard two victim impact statements and informed Appellant that she was accepting the Commonwealth's recommendation of a 25-to-50-year sentence. *Id*. at 89.

Sentencing was scheduled for February 7, 2013. The parties appeared, and counsel for Appellant told the trial court that Appellant was requesting to withdraw his guilty plea and go forward with trial. Appellant explained to the trial court that he was coerced by counsel into pleading guilty. N.T., 2/7/2013, at 9. He requested that the trial court allow him "to maintain [his] innocence." *Id*. at 10. The trial court denied the motion and sentenced Appellant to 25 to 50 years of incarceration. *Id*. at 28-29.

Appellant, through newly-appointed counsel, timely filed a notice of appeal to this Court. On appeal, Appellant argued that the trial court erred in denying his motion to withdraw his guilty plea by "disregarding [his] claim

of innocence." ***Commonwealth v. Reddick***, 106 A.3d 155 (Pa. Super. 2014) (unpublished memorandum at 2). This Court concluded that Appellant waived this issue by failing to raise it specifically in his Pa.R.A.P. 1925(b) statement. ***Id***. at 3. Thus, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal. ***Id***., *appeal denied*, 106 A.3d 679 (Pa. 2015).

Appellant *pro se* timely filed a PCRA petition. Counsel was appointed, and an amended petition was filed raising claims of 1) ineffective assistance of direct appeal counsel for failing to preserve the issue on appeal, and 2) ineffective assistance of trial counsel for failing to file a written motion to withdraw the guilty plea prior to sentencing and clearly articulate Appellant's actual innocence claim.

The PCRA court heard argument on this petition on September 29, 2017, to consider whether 1) to reinstate Appellant's right to direct appeal *nunc pro tunc* due to direct appeal counsel's ineffectiveness, or 2) to consider the trial-counsel-ineffectiveness claims pursuant to the PCRA. ***See generally*** N.T., 9/29/2017. The PCRA court ordered the parties to brief the issues and held a hearing on May 14, 2018. At that hearing, the Commonwealth conceded that Appellant was entitled to the reinstatement of his direct appeal rights *nunc pro tunc*. N.T., 5/14/2018, at 7. However, it was PCRA counsel's position that because Appellant would not prevail on direct appeal, Appellant should waive his right to a direct appeal in favor of pursuing the trial-counsel-ineffectiveness claims at the PCRA court. ***Id***. at 8.

Appellant elected to proceed with the PCRA claims instead of pursuing a direct appeal. *Id*. at 10.  Appellant was informed that even if he were not to prevail on his PCRA claims, he could not then revive his direct appeal claims. *Id*. at 9.

On December 14, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.  Appellant did not respond, and on February 8, 2019, the PCRA court dismissed the petition.  This appeal followed.[2,3]

On appeal, Appellant sets forth three questions for our review. **See** Appellant's Brief at 5.[4] We begin with Appellant's claim that the PCRA court erred in denying relief because trial counsel was ineffective for failing to file a requested "formal motion to withdraw the plea … because [Appellant] was

---

[2] On April 4, 2019, Appellant, through counsel, filed a PCRA petition asserting that counsel had neglected to file timely a notice of appeal from the February 8, 2019 order.  Counsel, recognizing the petition was a second, untimely PCRA petition, asserted the newly-discovered fact of his own failure to file the appeal and his abandonment of Appellant as an exception to the timeliness requirements.  The PCRA court granted that petition, and this appeal followed. **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007).

[3] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The PCRA court relies on its February 8, 2019 opinion, filed along with its Rule 907 notice, in compliance with Pa.R.A.P. 1925(a).

[4] We note that despite asking for two extensions of time, the Commonwealth did not file a brief on appeal in this case by the time this case was submitted to this panel for its consideration on January 6, 2020.  On February 4, 2020, the Commonwealth requested that this Court consider its brief filed the same day.  We deny that request as moot.

innocent." *Id*. at 20. According to Appellant, he informed trial counsel well in advance of formal sentencing that Appellant wished to withdraw the plea, yet trial counsel never filed a motion and waited until sentencing to raise the issue. *Id*. at 20-21. Then, according to Appellant, at sentencing, trial counsel did not adequately advocate the reasons for withdrawal, particularly Appellant's claim of actual innocence. *Id*. at 21. Appellant contends he was prejudiced because of trial counsel's inadequate performance.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa. Super. 2018).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Patterson*, 143 A.3d 394, 397-98 (Pa. Super. 2016) (internal citations omitted).

First, we dispose of Appellant's claim that a formal, written motion would have yielded a different result. This Court has specifically held that where trial counsel has failed to file a written motion to withdraw a guilty

plea, yet the defendant had the opportunity to present the issue to the trial court prior to sentencing, the defendant cannot claim prejudice. *See Johnson*, 179 A.3d at 1159 (holding Johnson was not prejudiced where trial counsel did not file a formal, written motion, but Johnson had the opportunity to seek withdrawal prior to being sentenced).

We now turn to Appellant's claim that trial counsel presented Appellant's motion to withdraw ineffectively, and in particular with regard to Appellant's claim of innocence. In doing so, we set forth the standard by which the trial court was to consider such a motion in this case.

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015).

Prior to *Carrasquillo*, our courts have held that a claim of innocence generally is a fair and just reason to withdraw a guilty plea prior to sentencing.[5] *See e.g.*, *Commonwealth v. Forbes*, 299 A.2d 268 (Pa.

---

[5] "The pre-sentence standard starkly contrasts with the one applicable to a defendant's post-sentence motion to withdraw. Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." *Commonwealth v. Baez*, 169 A.3d 35, 39 n.1 (Pa. Super. 2017). To withdraw a guilty plea after sentencing, "[a] defendant must demonstrate that manifest injustice would result" from the denial of the motion. *Id*. However, our Supreme Court has held that even where a defendant enters into a negotiated guilty plea, and therefore knows the sentence that will be imposed, the trial court
*(Footnote Continued Next Page)*

1973). In **Carrasquillo**, our Supreme Court modified that approach, holding that "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." 115 A.3d at 1292; **see also Commonwealth v. Norton**, 201 A.3d 112, 121 (Pa. 2019) ("[T]he **Carrasquillo** Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.").

At sentencing, Appellant himself explained to the trial court why he wished to withdraw his guilty plea.

> Today I move, I would like to move forward withdrawing my guilty plea on the record made on December [12], 2012. I

_(Footnote Continued)_ ─────────

must still utilize the pre-sentence standard when considering a motion to withdraw a guilty plea so long as the request is made prior to formal sentencing. **See Commonwealth v. Hvizda**, 116 A.3d 1103 (Pa. 2015).

In this case, it is worth pointing out that sentencing would have occurred the same day Appellant entered into the negotiated guilty plea but for Appellant's request to delay sentencing for family reasons. Thus, although we must utilize the liberal pre-sentence standard for withdrawal, this case arguably presents a situation more akin to a post-sentence motion to withdraw.

wish to withdraw my guilty plea and enter a plea of not guilty to all charges as charged.

I entered a plea of guilt made with a [*sic*] unassured and/or uncertain heart and confused mind. I believe my decision was not knowing, intelligent and/or a voluntary act on my behalf on December [12], 2012. Moments before I signed for a plea of guilt, I was informed by my attorney Gary Silver, quote, you will be committing an act of suicide going in there, referring to taking the case to trial.

My decision was a cowardly and vital decision made under a coerced and confused mind. Please note, I was under the impression that the maximum term would be twenty-five years and not fifty. My attorney Gary Silver stated that the most you would have to serve would be twenty-three years, which gave me an indication that the negotiated plea was twelve and a half to twenty-five years.

I ask the Court to allow me to undo my plea under distress and false intentions and allow me to have a fair trial with a jury of my peers. I plead with the Court to allow me to maintain my innocence and not allow me to make a tactical decision under blatant coercion by counsel.

N.T., 2/7/2013, at 8-10.

Based on Appellant's statements and the facts of this case, it is not at all clear how trial counsel could have offered a plausible assertion of Appellant's innocence. Appellant himself did not state that he did not commit the crime, he merely stated that he believed he was misled by the terms of the plea and wished to "maintain [his] innocence" and "allow [him] to have a fair trial with a jury of [his] peers." *Id*. at 10. Furthermore, while Appellant's brief to this Court states that trial counsel should have asserted Appellant's innocence, *see* Appellant's Brief at 21, Appellant does not set forth any basis as to how trial counsel should have done that. Based on the

foregoing, we conclude that Appellant was not prejudiced by trial counsel's failure to assert Appellant's actual innocence because any assertion would not have risen to the level of plausibility required to satisfy a fair and just reason for withdrawal of the plea. Accordingly, we agree with the PCRA court that Appellant is not entitled to relief.

Appellant also contends that direct appeal counsel was ineffective: 1) for "omitting from Appellant's concise statement the ground of actual innocence;" and 2) and for "omitting from the direct appeal brief to the Superior Court [] Appellant's other fair and just reasons for seeking to withdraw his plea." Appellant's Brief at 5.

With respect to these claims, the proper relief to grant Appellant should direct appeal counsel be found ineffective would be the right to file a new direct appeal. As discussed *supra*, the Commonwealth agreed to reinstatement of Appellant's right to file a direct appeal; however, Appellant elected to proceed instead with his claims regarding trial counsel's ineffectiveness. The PCRA court ensured that Appellant understood this procedure. Accordingly, we conclude Appellant has waived these first two claims by electing not to proceed with his direct appeal in the first place.

Moreover, even if Appellant did not waive these claims, he is not entitled to relief. As discussed *supra*, the trial court did not err in denying Appellant's motion to withdraw his guilty plea because Appellant's claim of innocence was not and could not be plausible. Accordingly, direct appeal counsel could not be ineffective for failing to raise a meritless claim. ***See***

***Commonwealth v. Spotz***, 869 A.2d 1191, 1211 (Pa. 2006) (finding that "counsel will not be deemed ineffective for failing to raise a meritless claim").

Based on the foregoing, the PCRA court did not err by dismissing Appellant's PCRA petition due to Appellant's failure to meet his burden in demonstrating trial counsel's ineffectiveness. Accordingly, we affirm the order of the PCRA court.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/20